UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

H. AUSTIN LANDERS, JEANETTE H. LANDERS, CHARLES M. CRUMP, DIANA W. CRUMP, JAMES H. FRAZIER, LLOYD R. THOMAS, M.D., JAMES P. WHITAKER AND PEGGY C. WHITAKER, on behalf of MORGAN KEEGAN SELECT FUND, INC., REGIONS MORGAN KEEGAN SELECT SHORT TERM BOND FUND, REGIONS MORGAN KEEGAN SELECT INTERMEDIATE BOND FUND, AND/OR REGIONS MORGAN KEEGAN SELECT HIGH INCOME FUND,

Plaintiffs,

v.

MORGAN ASSET MANAGEMENT, INC., MORGAN KEEGAN & COMPANY, INC., MK HOLDING, INC., REGIONS FINANCIAL CORPORATION, ALLEN B. MORGAN, JR., J. KENNETH ALDERMAN, JACK R. BLAIR, ALBERT C. JOHNSON, JAMES STILLMAN R. MCFADDEN, W. RANDALL PITTMAN, MARY S. STONE, ARCHIE W. WILLIS, III, , BRIAN B. SULLIVAN, JOSEPH C. WELLER, J. THOMPSON WELLER, CHARLES D. MAXWELL, MICHELE F. WOOD, JAMES C. KELSOE, JR., DAVID H. TANNEHILL, AND PRICEWATERHOUSECOOPERS, LLP,

Defendants,

and MORGAN KEEGAN SELECT FUND, INC., REGIONS MORGAN KEEGAN SELECT SHORT TERM BOND FUND, REGIONS MORGAN KEEGAN SELECT INTERMEDIATE BOND FUND, AND REGIONS MORGAN KEEGAN SELECT HIGH INCOME FUND,

Nominal Defendants.

No. 2:08-cv- 2260-SHM-tmp

Judge Samuel H. Mays, Jr.
Magistrate Judge Diane K. Vescovo

**DERIVATIVE PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

**PAGE**


TABLE OF CONTENTS ........................................................ i

TABLE OF AUTHORITIES ........................................................ ii

INTRODUCTION ........................................................ 1

ARGUMENT ........................................................ 2

I. FEDERAL QUESTION JURISDICTION DOES NOT EXIST BECAUSE DERIVATIVE PLAINTIFFS' COMPLAINT DOES NOT INVOLVE FEDERAL LAW ........................................................ 2

A. Derivative Plaintiffs Have Not Pled A Federal Question ........................ 2

B. No Substantial Question of Federal Law Exists ........................ 5

1. Derivative Plaintiffs' Complaint Does Not Involve Substantial and Disputed Federal Issues ........................ 5

2. Violations of Federal Law are not "essential" elements of Derivative Plaintiffs' claims ........................ 10

3. Exercising federal jurisdiction will disrupt state-federal judicial comity ........................ 12

C. *Atkinson* Has No Bearing on Determining Whether Federal Jurisdiction Exists In This Action ........................ 13

II. SLUSA PROVIDES THAT THIS CASE SHOULD BE REMANDED UNDER THE DELAWARE CARVE-OUT ........................ 15

CONCLUSION ........................................................ 17

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Adams v. Amdahl*,
2006 WL 2620400 (W.D. Wash. Sept. 12, 2006)....................11, 15

*Ahearn v. Charter Township of Bloomfield*,
100 F.3d 451 (6th Cir. 1996)....................14

*Caterpillar, Inc. v. Williams*,
482 U.S. 386 (1987)....................2

*Christianson v. Colt Indus. Operating Corp.*,
486 U.S. 800 (1988)....................11

*Deakle v. Woodall Constr. Co.*, Inc.,
2007 WL 581668 (E.D. Kty. Feb. 20, 2007)....................14

*D'Alessio v. N.Y. Stock Exchange, Inc.*,
258 F.3d 93 (2d Cir. 2001)....................4, 5, 6

*Eastman v Marine Mech. Corp.*,
438 F.3d 544 (6th Cir. 2006)....................6, 9, 12, 13

*Ekas v. Burris*,
2007 WL 4055630 (S.D. Fla. Nov. 14, 2007).................... passim

*Empire HealthChoice Assur., Inc. v. McVeigh*,
547 U.S. 677 (2006)....................12

*Fagin v. Gilmartin*,
2007 WL 419286 (D.N.J. Feb. 1, 2007).................... passim

*Fathergill v. Rouleau*,
2003 WL 21467570 (N.D. Tex. June 23, 2003)....................4, 10, 11

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*,
463 U.S. 1 (1983)....................2, 3, 5, 8

*Gargiulo v. Decker*,
2005 WL 755771 (C.D. Cal. Mar. 30, 2005)....................4, 6, 10, 11

*Gobble v. Hellman*,
2002 WL 34430286 (N.D. Ohio Mar. 26, 2002)....................9

*Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*,
545 U.S. 308 (2005)....................5, 8

*Gully v. First Nat'l Bank*,
299 U.S. 109 (1936)....................9, 10

*Her Majesty the Queen v. City of Detroit*,
874 F.2d 332 (6th Cir. 1989) ....................1

*Hudgins Moving & Storage v. Amer. Express Co.*,
292 F. Supp. 2d 991 (M.D. Tenn. 2003)....................14

*In re Estate of Tabas*,
879 F. Supp. 464 (E.D. Pa. 1995) ....................14

*Loftis v. United Parcel Serv., Inc.*,
342 F.3d 509 (6th Cir. 2003) ....................2

*Long v. Bando Manufacturing of Amer., Inc.*,
201 F.3d 754 (6th Cir. 2000) ....................1

*Martin v. Corrections Corp. of America*,
2006 WL 181966 (W.D. Tenn. Jan. 17, 2006) ....................14

*Merrell Dow Pharm., Inc. v. Thompson*,
478 U.S. 804 (1986)....................1, 2, 9, 12

*Milkulski v. Centerior Energy Corp.*,
501 F.3d 555 (6th Cir. 2007) ....................5, 12

*Ormet v. Ohio Power Co.*,
98 F.3d 799 (4th Cir. 1996) ....................5

*Pruitt v. Honda of Amer. Mfg., Inc.*,
2006 WL 889498 (M.D. Tenn. Mar. 28, 2006) ....................9

*Schappel v. UICI*,
1999 WL 1101262 (N.D. Tex. Dec. 3, 1999) ....................4, 6, 11

*Sparta Surgical Corp v. Nat'l Ass'n of Sec. Dealers*,
159 F.3d 1209 (9th Cir. 1998) ....................5, 6

*Stechler v. Sidley Austin Brown & Wood, LLP*,
2006 WL 90916 (D.N.J. Jan. 13, 2006) ................................................................8

*Tennessee v. Britlee, Inc.*,
2007 WL 3231819 (M.D. Tenn. Oct. 30, 2007) ................................................................6

*Wietschner v. Gilmartin,*
2003 U.S. Dist. LEXIS 18997 (D.N.J. Jan. 14, 2003) ................................................................6

*Williamson v. Aetna Life Ins. Co.*,
481 F.3d 369 (6th Cir. 2007) ................................................................1

*Wrobbel v. Asplundh Constr. Corp.*,
549 F. Supp. 2d 868 (E.D Mich. 2008)................................................................14

Derivative Plaintiffs H. Austin Landers, Jeanette H. Landers, Charles M. Crump, Diana W. Crump, James H. Frazier, Lloyd R. Thomas, M.D., James P. Whitaker and Peggy C. Whitaker ("Derivative Plaintiffs") submit this Reply Brief in support of their Motion to Remand and in response to Defendants' Memorandum in Opposition to Derivative Plaintiffs' Motion (Docket #13) ("Opp. Br.").

**INTRODUCTION**

Removal is proper only if the Court has original jurisdiction in the case based upon the presence of a federal question. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007). Because removal implicates federalism concerns, a petition for removal must be strictly construed and all doubts must be resolved in favor of remand. *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). The defendant bears the burden of proving that removal is proper. *Long v. Bando Manufacturing of Amer., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).

Defendants have not met their burden and remand is required. As stated in Derivative Plaintiffs' Memorandum of Law in Support of Their Motion to Remand ("Open. Br."), this action seeks recovery *only* under state law. Although Defendants' violations of federal securities laws support Derivative Plaintiffs' state law claims, Derivative Plaintiffs do not assert any claims based on federal securities laws.

Derivative Plaintiffs have alleged only state law claims of breach of contract, breach of fiduciary duty, negligence, contribution, and negligent misrepresentation. This action should be remanded because: (1) the Complaint contains only state law causes of action; (2) the state law causes of action do not require the resolution of any substantial

question of federal law; (3) precedent favors remand; (4) the Securities Litigation Uniform Standards Act ("SLUSA") mandates remand of exclusively derivative actions; and (5) the existence of another federal action arising from the same nucleus of facts is irrelevant to establishing federal question jurisdiction.

## ARGUMENT

### I. FEDERAL QUESTION JURISDICTION DOES NOT EXIST BECAUSE DERIVATIVE PLAINTIFFS' COMPLAINT DOES NOT INVOLVE FEDERAL LAW.

#### A. Derivative Plaintiffs Have Not Pled a Federal Question.

The "well-pleaded complaint doctrine" governs whether federal question jurisdiction exists under 28 U.S.C. §§ 1331 and 1441. *Merrell Dow*, 478 U.S. at 808. Federal jurisdiction exists only when the plaintiff's properly pleaded complaint pleads -- on its face -- a federal question. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] federal court does not have original jurisdiction over a case in which the complaint presents a state law cause of action. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983).

It is undisputed that the plaintiff is the "master of the claim." *Caterpillar*, 482 U.S. at 392. The plaintiff may choose whether to assert a claim under either state or federal law. *Caterpillar*, 482 U.S. at 392. The fact that a plaintiff could have brought a claim under either federal or state law, but chose not to, does not diminish the plaintiff's right to pursue only a state court cause of action. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 515 (6th Cir. 2003).

Derivative Plaintiffs have submitted a well-pleaded complaint; they do not plead *any* federal questions on the face of their Complaint. Derivative Plaintiffs assert only

state law claims of: breach of contract, breach of fiduciary duty, negligence, contribution, and negligent misrepresentation. These claims are governed exclusively by state law. Where only state law relief is sought, federal question jurisdiction does not exist. *See Franchise Tax Bd.*, 463 U.S. at 10.

Derivative Plaintiffs do not assert any claims under the Investment Company Act ("ICA") or the Securities Act of 1933 ("Securities Act"). Open. Br. at 5. Although Derivative Plaintiffs reference the ICA, those references support Derivative Plaintiffs' state law contract, negligence, and breach of fiduciary duty claims but are not a separate basis for liability. *See* Compl. ¶¶ 387-90, 394-99. Defendants' violation of the ICA is a factual allegation, which supports Derivative Plaintiffs' state law claims that Defendants failed to manage the funds in compliance with the Funds'[1] investment policies and procedures. *See* Compl. ¶¶ 387, 395. In fact, nowhere in the Complaint's recitation of causes of action are any violations of federal securities laws alleged.[2] Instead, Derivative Plaintiffs reference federal securities laws as part of their factual allegations that support Derivative Plaintiffs' state law claims.

Further, federal question jurisdiction cannot be exercised over Derivative Plaintiffs' claims against Defendant PricewaterhouseCoopers ("PwC"). Defendants

---

[1] The Funds include the Regions Morgan Keegan Select Short Term Bond Fund, the Regions Morgan Keegan Select Intermediate Fund and the Regions Morgan Keegan Select High Income Fund.

[2] The contribution claim (Count (VII)), one of ten claims, is dependent upon the assertion of claims against the Funds in certain, but not all, of the pending class actions. In order for there to be a valid contribution claim, a finding of liability under the federal securities laws would need to be made. However, that finding of liability will be decided in connection with those separate, pending class actions that assert claims against the Funds, but not in this action, and if such claims are asserted in the consolidated amended complaint in those actions. The *Atkinson* First Amended Complaint contains no such claims.

blatantly misstate Derivative Plaintiffs' allegations against PwC. Opp. Br. at 7. A contract exists between PwC and the Funds. Compl. ¶ 470.[3] As is the case with all of Derivative Plaintiffs' claims, Derivative Plaintiffs' breach of contract claim against PwC is based upon PwC's duties under this contract, not an interpretation of federal law. Consequently, despite Defendants' assertions, there is no basis for asserting federal jurisdiction under the well-pleaded complaint rule.

Derivative Plaintiffs assert solely state law claims. No interpretation of federal law is required; no substantial question of federal law has been raised. Where these facts are presented, federal courts have consistently concluded that federal question jurisdiction does not exist and remanded the case to state court. *See, e.g., Ekas v. Burris*, 2007 WL 4055630, at *4-6 (S.D. Fla. Nov. 14, 2007) (Second Broadhurst Decl., Ex. A)[4]; *Fagin v. Gilmartin*, 2007 WL 419286, at *6 (D.N.J. Feb. 1, 2007) (Ex. B); *Gargiulo v. Decker*, 2005 WL 755771, at *4 (C.D. Cal. Mar. 30, 2005) (Ex. C); *Fathergill v. Rouleau*, 2003 WL 21467570, at *1 (N.D. Tex. June 23, 2003) (Ex. D); *Schappel v. UICI*, 1999 WL 1101262, at *3 (N.D. Tex. Dec. 3, 1999) (Ex. E).

Many of the cases relied upon by Defendants involve claims against defendants that required interpretation of federal law or were premised on duties derived *exclusively* from federal law. *See D'Alessio v. N.Y. Stock Exchange, Inc.*, 258 F.3d 93, 101-02 (2d Cir. 2001) (finding that the plaintiffs' claims were premised on the NYSE's failure to

---

[3] Defendants further distort Derivative Plaintiffs' Complaint by parenthetically claiming that Derivative Plaintiffs' acknowledge "that 'whether PwC violated these [federal] standards' is a disputed issue in this case." Opp. Br. at 7 (insertion of the word "federal" done by Defendants). Nowhere in their Complaint have Derivative Plaintiffs used the word "federal."

[4] "Ex. __" refers to exhibits attached to the Second Declaration of Jerome A. Broadhurst in Support of Derivative Plaintiffs' Reply Memorandum of Law in Support of Motion to Remand.

abide by duties created by the Exchange Act); *Sparta Surgical Corp v. Nat'l Ass'n of Sec. Dealers*, 159 F.3d 1209, 1212 (9th Cir. 1998) (finding that the duties imposed on the NASD were derived exclusively from rules under the Exchange Act); *Ormet v. Ohio Power Co.*, 98 F.3d 799, 806-07 (4th Cir. 1996) (finding that the resolution of plaintiff's claims required a determination of whether the plaintiff was an "owner" as defined by the Clean Air Act).

**B. No Substantial Question of Federal Law Exists.**

An exception to the well-pleaded complaint rule exists where the complaint raises a "substantial question of federal law" so that the "plaintiff's right to relief necessarily depends on a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 9. A substantial question of federal law exists where: "(1) the state-law claim must necessarily raise a disputed federal issue; (2) the federal interest in the issue must be substantial; and (3) the exercise of jurisdiction must not disturb any congressionally approved balance of federal and state judicial responsibilities." *Milkulski v. Centerior Energy Corp.*, 501 F.3d 555, 568 (6th Cir. 2007) (citing *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). None of these limited exceptions to the well-pleaded complaint rule apply to this case.

*1. Derivative Plaintiffs' Complaint Does Not Involve Substantial and Disputed Federal Issues.*

There is no disputed issue of federal law. Defendants improperly assert that "Plaintiffs need only allege a violation of a federal statute, rule or regulation, and that the alleged violation gives rise to their claim" to create a disputed federal issue. Opp. Br. at 10. A disputed federal issue arises only when the parties dispute the construction or meaning of the statute. *See Mikulski*, 501 F.3d at 569. Here, the Complaint raises no

dispute as to the construction of the ICA, the Securities Act, or to any federal securities regulations. The cases upon which Defendants rely involve claims where plaintiff's allegations turned "exclusively" on federal law, not as a *factual predicate*. *See Fagin*, 2007 WL 419286, at *6 (disagreeing with *Wietschner v. Gilmartin*, 2003 U.S. Dist. LEXIS 18997, at *7 (D.N.J. Jan. 14, 2003) (Ex. M), where Fagin's claims arose from defendants' breach of duties created and defined by state law); *Gargiulo*, 2005 WL 755771, at *4 (distinguishing *Sparta Surgical Corp.* and *D'Alessio* because they involved claims against defendants that were derived exclusively from federal law)

Derivative Plaintiffs chose not to assert federal claims. The fact that plaintiff's state law claims might also present a factual basis for a federal securities law violation is irrelevant. *Gargiulo*, 2005 WL 755771, at *3-4 (granting plaintiff's motion to remand even though plaintiffs referenced possible violations of federal securities laws); *Schappel*, 1999 WL 1101262, at *2 (remanding a motion where plaintiffs' reference to possible federal securities law violations provided no more than a *factual basis* for plaintiffs' state law claims); *see Tennessee v. Britlee, Inc.*, 2007 WL 3231819, at *2 (M.D. Tenn. Oct. 30, 2007) (Ex. F). In fact, to "hold otherwise would force a plaintiff into federal court anytime facts that formed the basis of his state cause of action also happen to support a federal claim. This would take away a plaintiff's power to be the 'master of his claim.'" *Schappel*, 1999 WL 1101262, at *2. Because Plaintiffs' claims do not raise a disputed federal issue, no substantial federal question exists. *See Eastman v Marine Mech. Corp.*, 438 F.3d 544, 552 (6th Cir. 2006).

The central issue in this case is whether Defendants' conduct violated the duties (fiduciary, informational and care) that the Defendants owed the Funds or breached their

contractual obligations under state law. A claim that requires the court to evaluate state law claims in light of what federal securities laws and regulations require does not federalize a state law claim for breach of fiduciary duty or contribution. *Fagin*, 2007 WL 419286, at *4. In that situation, no federal rights are implicated because the claims pled require the evaluation of duties that are at their core defined by state law. *Id.* Failing to comply with the ICA may be evidence that Defendants failed to act in good faith, but it does not require the Court to interpret a federal issue. *See Ekas*, 2007 WL 4055630, at *4 ("Plaintiffs may point to evidence that the officers and directors failed to act in good faith when they made false statements. But the fact that some of those false statements were made to the SEC and may have violated federal law is tangential to proving the breach of fiduciary duty."); *Fagin*, 2007 WL 419286, at *4 ("Predicating the alleged violation of duties existing by virtue of state law on conduct which may involve federal securities violations does not bring the federal securities laws to the forefront of the action.").

The facts necessary to support Derivative Plaintiffs' breach of contract and fiduciary duty claims coincide with the facts necessary to support a violation of ICA § 13. Therefore, although the Complaint references the ICA, these allegations relate to why Derivative Plaintiffs were excused from demanding the Funds' directors bring this action, the duties of the Defendants, the Fund's violative conduct as directed and caused by Defendants, and other matters supportive of Plaintiffs' state law claims. *See* Compl. ¶¶ 27, 83, 135, 192, 347, 365, 370, 374, 380, 385, 388, 396.

Similarly, references to the Securities Act are part of the factual basis establishing Derivative Plaintiffs' claim for contribution because certain of the pending class actions assert claims against the Funds on whose behalf this action is brought and these facts

focus on what Defendants Morgan Asset Management, Inc., Morgan Keegan & Company and PwC were obligated, but failed, to tell the Funds' board of directors. *See* Compl. ¶¶ 149-51, 153-59, 263, 268-70, 278-81, 328-33, 407, 419-20, 424-25, 434-42, 445-47, 453-64. Thus, the allegations that reference federal securities laws provide evidence of Defendants' duties or wrongful conduct with regard to the Funds, but they do not require an analysis of any issues under, or the meaning of, federal law. *Ekas*, 2007 WL 4055630, at *5; *Stechler v. Sidley Austin Brown & Wood, LLP*, 2006 WL 90916, at *6 (D.N.J. Jan. 13, 2006) (remanding where the primary issue was not the meaning of federal tax law but whether advice was fraudulent or negligent, even though the state law claim involved the "proper interpretation of federal tax law") (Ex. G).

Moreover, even if the Court were to determine that there was a disputed federal issue, it is not "substantial" because, although relevant to Derivative Plaintiffs' claims, the allegations relating to violations of federal securities laws and regulations, in and of themselves, are not *necessary* elements of Plaintiffs' state law claims. Courts have consistently held that, at a minimum, the question of federal law must be "substantial," meaning the federal question is a necessary element of the well-pleaded state claim. *Franchise Tax Bd.*, 463 U.S. at 13; *Grable*, 545 U.S. at 313. Summarizing the development of this area of federal question jurisdiction, the Supreme Court stated that, in cases involving federal issues embedded in state law claims, "[w]e have not kept them out simply because they appeared in state raiment ... but neither have we treated 'federal issue' as a password opening federal courts to any state action embracing a point of federal law." *Grable*, 545 U.S. at 314 (citation omitted).

Citing federal securities laws merely to establish part of the underlying factual basis for state law claims does not create a substantial federal question. *See Eastman*, 438 F.3d at 552; *Pruitt v. Honda of Amer. Mfg., Inc.*, 2006 WL 889498, at *5 (M.D. Tenn. Mar. 28, 2006) (Ex. H). Even *Gobble v. Hellman*, 2002 WL 34430286 (N.D. Ohio Mar. 26, 2002) (Ex. I), a case upon which Defendants rely, acknowledges as much. Opp. Br. at 10. "Allegations that simply provide a factual basis for a claim and which could independently support either a state claim or a federal law claim are generally not sufficient to create a substantial question of federal law or to confer jurisdiction to the federal courts." *Gobble*, 2002 WL 34430286, at *3 n.1; *accord Ekas*, 2007 WL 4055630, at *5. If the mere coincident application of federal law to facts forming the basis for state law claims was sufficient for federal jurisdiction, there would be virtually no claims left for the state courts to adjudicate. *See Gully v. First Nat'l Bank*, 299 U.S. 109, 117-18 (1936) ("If we follow the ascent far enough, countless claims of right can be discovered to have their source or their operative limits in the provisions of a federal statute or in the Constitution itself with its circumambient restrictions upon legislative power.").

Although the federal laws referenced in the Complaint provide standards against which to measure Defendants' conduct as part of the elements of the state law claims, a trier of fact may determine that Defendants were negligent, breached their fiduciary duties, and breached their contracts without addressing whether such conduct separately establishes liability under federal law. *See Merrell Dow*, 478 U.S. at 809-11 (concluding that no substantial federal question existed where the plaintiffs asserted that defendants' violation of federal statutes constituted proof of negligence, but a jury could find that the defendants were negligent without finding a violation of federal law).

2. *Violations of Federal Law are not "essential" elements of Derivative Plaintiffs' claims.*

For a suit to "arise under" the Constitution or laws of the United States, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully*, 299 U.S. at 112. The fact that the conduct alleged violates federal law does not make a federal right an essential element of a state law claim. *See Fathergill*, 2003 WL 21467570, at *1. When possible violations of federal securities law are alleged in a complaint, such references are not automatically "essential elements" of plaintiff's state law claims for purposes of determining federal jurisdiction. *Gargiulo*, 2005 WL 755771, at *2.

For the same reasons that Derivative Plaintiffs' allegations do not give rise to a disputed substantial factual issue, the federal securities law referenced by Derivative Plaintiffs also is not "essential" to Derivative Plaintiffs' claims. The facts necessary to support Derivative Plaintiffs' breach of contract and breach of duty claims coincide with the facts necessary to establish a violation of the ICA and the Securities Act of 1933, and those violations are relevant to the state law claims, but they are not dependent upon the interpretation of federal securities laws. *See Fagin*, 2007 WL 419286, at *4-5 (concluding that plaintiffs' allegations of federal securities violations as a basis for a mismanagement and breach of fiduciary duty claim were not an "essential element" where the resolution of plaintiff's claims was not dependent on the interpretation of federal securities law: "That a court may be called upon to evaluate the offending conduct in light of what federal securities laws and regulations require does not federalize the claims for unjust enrichment, breach of fiduciary duty and contribution and indemnification.").

Even if a violation of federal law were an element of Derivative Plaintiffs' claims, any allegations involving violations of federal laws are alternative grounds for finding a violation of a state law. "When the complaint on its face states alternate theories supporting a state law claim, at least one of which does not involve a federal question, federal question jurisdiction does not attach." *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988). Quite simply, federal securities law violations asserted as an alternative ground for finding state law violations are not a necessary element of the state claim and do not create federal question jurisdiction. *Gargiulo*, 2005 WL 755771, at *5 ("References to possible violations of federal securities law is made only by way of demonstrating alternative ways in which Defendants allegedly violated state corporate law and, as such, do not give rise to jurisdiction."); *Fathergill*, 2003 WL 21467570, at *1; *Schappel*, 1999 WL 1101262, at *2

Derivative Plaintiffs' negligence claim against PwC is premised upon PwC's duty to conform to generally accepted accounting principles ("GAAP") and generally accepted auditing standards. Compl. ¶¶ 288-90, 294-326, 411-28. Allegations that include violations of accounting standards do not create a federal question. *See Ekas*, 2007 WL 4055630, at *5 ("GAAP violations are not the exclusive province of federal law and state law claims can, of course, be based on GAAP violations"); *Adams v. Amdahl*, 2006 WL 2620400, at *3-4 (W.D. Wash. Sept. 12, 2006) ("GAAP by itself, however, is not [a] federal standard.") (Ex. J).

Further, Defendants misstate Derivative Plaintiffs' allegations. Derivative Plaintiffs' Complaint clearly states that Defendants breached their duties and contracts by failing to manage the Funds in compliance with the Funds' investment objectives and

policies. Compl. ¶¶ 388, 396. Any allegation that Defendants violated § 13 of the ICA is merely an alternative means for finding liability. Therefore, the federal securities laws are not "essential" elements of Derivative Plaintiffs' claims.

*3. Exercising federal jurisdiction will disrupt state-federal judicial comity.*

A substantial question will not exist where the exercise of jurisdiction disturbs the congressionally approved balance of federal and state judicial responsibilities. *Milkulski*, 501 F.3d at 568. The Supreme Court recognizes that the class of state law claims that actually raises a substantial federal question is a "special and small category." *Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006).

The claims here are not part of that special and small category. First, the absence of a private right of action under §13 of the ICA, while not dispositive of the issue, is evidence that there is no substantial federal question involved.[5] *Merrell Dow*, 478 U.S. at 814; *see also Eastman*, 438 F.3d at 552 ("[]Congress' withholding a private right of action from these statutes is an important signal to its view of the substantiality of the federal question involved."). Second, none of Derivative Plaintiffs' claims involve the resolution of a dispute of federal securities laws. *See* Part I.B.1-2.

Moreover, when a complaint identifies federal law only as a source of public policy or as a standard of conduct, a substantial question of federal law does not exist. *Eastman*, 438 F.3d at 552. Defendants wrongly assert that an interpretation of the ICA must be resolved in order to determine whether they breached their fiduciary duty. Opp.

[5] *See* Open. Br. at 11-12. Defendants' argument that the lack of a private right of action is irrelevant to this analysis is meritless. As the cases cited by Defendant establish, the lack of a private right of action is "evidence relevant to" a determination about the balance of responsibilities. *See Eastman*, 438 F.3d at 552.

Br. at 15. Derivative Plaintiffs allege that the Funds were required to adhere to their respective investment objectives, polices, and investment restrictions. Compl. ¶¶ 387, 395, 397. By showing that Defendants intentionally or recklessly disregarded their responsibilities, Derivative Plaintiffs can establish that Defendants breached their fiduciary duties.

Where there is no clear basis for federal jurisdiction, a federal court must avoid adjudging state law claims. *Fagin*, 2007 WL 419286, at *4 ("[E]ntertaining the claims presented here would overreach the limits of jurisdiction conferred upon this Court and put the Court in the unacceptable—and unauthorized—position of passing on matters of state law, in a case in which diversity jurisdiction is not apparent.").

### C. *Atkinson* Has No Bearing on Determining Whether Federal Jurisdiction Exists In This Action.

Defendants argue that this action is similar to the *Atkinson* class action pending in this Court and suggest that there is no practical or legal basis for allowing the two cases to proceed in two separate courts. Opp. Br. at 2. Derivative Plaintiffs do not seek, as Defendants allege, to "proceed with their *Atkinson* claims in Chancery Court." Opp. Br. at 3. Defendants' allegation that *Atkinson* is pertinent is based on a fundamental misunderstanding of the nature of Derivative Plaintiffs' Complaint. The derivative action and the *Atkinson* action are different and distinct actions. Derivative Plaintiffs have brought an entirely different action based upon state law claims, brought the action on behalf of the Funds (as opposed to the Funds' shareholders in *Atkinson*) and are seeking an estimated $937 million in damages based on the losses incurred by the Funds from early 2007.

In essence, Defendants are asking this Court to exercise supplemental jurisdiction over the claims asserted in this action because of the related federal claims pending in *Atkinson*. Defendants cite no authority for such a novel theory for finding federal jurisdiction in a removed action. In fact, courts have universally rejected this attempt to obtain federal jurisdiction. *See e.g., Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996) (holding that a removal petition may not base subject-matter jurisdiction on the supplemental-jurisdiction statute); *Wrobbel v. Asplundh Constr. Corp.*, 549 F. Supp. 2d 868, 876 (E.D Mich. 2008); *Deakle v. Woodall Constr. Co.*, Inc., 2007 WL 581668, at * 2 (E.D. Kty. Feb. 20, 2007) (a defendant may not invoke the supplemental jurisdiction statute to bootstrap an otherwise unremovable action into federal court) (Ex. K); *Martin v. Corrections Corp. of America*, 2006 WL 181966, at * 5 (W.D. Tenn. Jan. 17, 2006) (Ex. L); *Hudgins Moving & Storage v. Amer. Express Co.*, 292 F. Supp. 2d 991, 1002 (M.D. Tenn. 2003) (stating that a common nucleus of operative facts is not sufficient to create supplemental jurisdiction over an otherwise unremovable action); *In re Estate of Tabas*, 879 F. Supp. 464, 467 (E.D. Pa. 1995) (despite the benefits of efficiency, the supplemental jurisdiction statute does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action).

While the same facts may give rise to both Derivative Plaintiffs' claims and the plaintiffs' claims in *Atkinson*, the claims are not the same and federal jurisdiction does not extend to this case. It is irrelevant that the same underlying facts give rise to this lawsuit and *Atkinson*. *See Adams*, 2006 WL 2620400, at *2 ("Simply because plaintiff's complaint contains allegations similar to cases where violations of federal law were

asserted, it does not render this a federal case. The plaintiff here has chosen only to allege state law causes of action.").

## II. SLUSA PROVIDES THAT THIS CASE SHOULD BE REMANDED UNDER THE DELAWARE CARVE-OUT.

Defendants protest that since they did not attempt to remove this action pursuant to SLUSA, Derivative Plaintiffs cannot rely upon it to support their remand motion. Opp. Br. at 17. This argument misses the point. While Defendants chose to rely on 28 U.S.C. § 1441 for their removal, thereby avoiding analysis under SLUSA, § 1441 provides an exception for removal in situations expressly provided for by an "Act of Congress." SLUSA is such an Act. *See* Open. Br. at 17-19. Accordingly, Derivative Plaintiffs contend that exclusively derivative actions, like the present action, reflect a Congressional intent that those cases are to be decided in state courts and are not subject to removal under § 1441. *See* Open. Br. at 17-19.

Under SLUSA, Congress delegated the resolution of traditionally state corporate law issues to state court. The so-called "Delaware carve-outs" provide that an "exclusively derivative action brought by one or more shareholders on behalf of a corporation" is not preempted, and preserve state court class actions, where state law already provides that corporate directors have fiduciary disclosure obligations to shareholders. 15 U.S.C. §§ 77p(f)(2), 78bb(f)(5). The Act codifies the historical and complementary roles of state and federal law in regulating corporate conduct. Although Defendants carefully avoid mentioning it as a basis for removal, SLUSA expressly acknowledges this established scheme of regulation that leaves issues of corporate law to state authority, while requiring securities class actions involving the purchase or sale of nationally traded securities, based upon false or misleading statements, to be brought

exclusively in federal court under federal law. *See* 15 U.S.C. §§ 77p, 78bb. Thus, Congress took care to preserve the balance of authority between state and federal court.

While Defendants attempt to downplay its significance, SLUSAt *requires* remand of actions that are exclusively derivative actions. 15 U.S.C. §§ 77p(d)(4), 78bb(f)(3)(D). This exhibits clear Congressional intent to leave traditional state law actions, such as this one, to the province of the state courts. Accordingly, Defendants' argument that Plaintiffs "dramatically overstate[] the effect of SLUSA saying that an exclusively derivative case is never removable" is wrong—SLUSA requires remand under these conditions. SLUSA's grant of jurisdiction to state courts over "exclusively derivative actions" is another basis on which the Court should remand this action, given that the neither diversity nor federal question jurisdiction is otherwise present.

Defendants suggest that SLUSA does not bar federal courts from exercising jurisdiction over derivative actions because to hold otherwise would make Fed. R. Civ. P. 23.1 a nullity. Opp. Br. at 19. However, Rule 23.1 is inapplicable here as it applies only in situations where federal courts have a basis to assert jurisdiction via either diversity or federal question jurisdiction. The Rule in no way suggests that all derivative cases belong in federal court. Because this Court lacks both diversity and federal question jurisdiction, the claims herein may not properly be brought in federal court, and Rule 23.1 has no relevance to this proceeding.

This case is an exclusively derivative action. The complaint is captioned as a derivative action under state law, all claims have been pled derivatively, and relief is sought on behalf of the Funds. It is wholly irrelevant that Defendants did not remove the

case pursuant to SLUSA.[6] Congress has specifically provided that derivative cases should be tried in state court.

## CONCLUSION

Derivative Plaintiffs have asserted a well-pleaded complaint and Defendants have failed to meet their burden of proof. No substantial federal question exists. Further, SLUSA provides an independent basis for remand. Therefore, Derivative Plaintiffs respectfully request that the Court grant their motion for remand to the Chancery Court for the State of Tennessee, Thirtieth Judicial District at Memphis.

DATED: July 21, 2008

Respectfully submitted,

**APPERSON, CRUMP & MAXWELL, PLC**

/s/ Jerome A. Broadhurst
Charles D. Reaves, TN BPR 22550
Jerome A. Broadhurst, TN BPR 12529
6000 Poplar Avenue, Suite 400
Memphis, TN 38119-3972
Tel : 901-260-5133
Fax : 901-435-5133
jbroadhurst@appersoncrump.com

**HEAD, SEIFERT & VANDER WEIDE, P.A.**
Vernon J. Vander Weide
Thomas V. Seifert
333 South Seventh Street, Suite 1140
Minneapolis, MN 55402-2422
Tel: 612-339-1601
Fax: 612-339-3372
vvanderweide@hsvwlaw.com

---

[6] Notably, although Defendants argue that shareholder derivative suits are still subject to removal, they have not cited any case to support their interpretation of the application of the Delaware carve-out in SLUSA.

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Richard A. Lockridge
Gregg M. Fishbein
Anna M. Horning Nygren
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
Fax: (612) 339-0981
gmfishbein@locklaw.com

**ZIMMERMAN REED P.L.L.P.**
Carolyn G. Anderson
Timothy J. Becker
Kirsten D. Hedberg
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402
Tel: 612-341-0400
Fax: 612-341-0844
cga@zimmreed.com

**Attorneys for Plaintiffs**