**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **H. AUSTIN LANDERS, et al., on behalf of MORGAN KEEGAN SELECT FUND INC., REGIONS MORGAN KEEGAN SELECT SHORT TERM BOND FUND, REGIONS MORGAN KEEGAN SELECT INTERMEDIATE BOND FUND, AND/OR REGIONS MORGAN KEEGAN SELECT HIGH INCOME FUND,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No. 08-2260** |
| **MORGAN ASSET MANAGEMENT, INC., et al.,** | ) | |
| **Defendants.** | ) | |

---

**ORDER DENYING PLAINTIFFS' MOTION TO REMAND**

---

Plaintiffs filed this shareholder derivative action in the Chancery Court of Shelby County, Tennessee, on March 28, 2008. (Notice of Removal ¶ 1.) Defendants, relying on 28 U.S.C. §§ 1441 and 1446, removed it to federal court on April 29, 2008. (Id. at 2.) Defendants maintain that the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367. (Id. at ¶ 6.)

On May 29, 2008, the derivative Plaintiffs moved the Court to remand the action to state court. Defendants responded on

June 30, 2008, and Plaintiffs replied on July 21, 2008. For the following reasons, Plaintiffs' motion to remand is DENIED.

## I. BACKGROUND

Plaintiffs bring this action on behalf of several investment funds against Morgan Asset Management, Inc. ("Morgan Asset"), Morgan Keegan & Company, Inc. ("Morgan Keegan"), Regions Financial Corporation ("Regions"), MK Holding, Inc. ("MK Holding"), a number of individual defendants[1], and PricewaterhouseCoopers. (Compl. ¶¶ 14-39.) Plaintiffs allege the following state law causes of action: breach of contract, breach of fiduciary duty, negligence, contribution, and negligent misrepresentation. (Compl. ¶¶ 361-480.) In their complaint, Plaintiffs allege violations of federal law, but do not seek relief under federal law. They have limited their causes of action to state law. According to Plaintiffs, this lawsuit "is designed to complement [the Atkinson[2] action]. . . in an effort to maximize the recovery of the extraordinary losses incurred by investors in the Funds in the summer and fall of 2007." (Compl. ¶ 5.)

[1] Allen B. Morgan, J. Kenneth Alderman, Jack R. Blair, Albert C. Johnson, James Stillman R. McFadden, W. Randall Pittman, Mary S. Stone, Archie W. Willis, III, Brian B. Sullivan, Joseph C. Weller, J. Thompson Weller, Charles D. Maxwell, Michele F. Wood, James C. Kelsoe, Jr., and David Tannehill. (Compl. ¶¶ 14-39.)

[2] The Atkinson action is a putative securities class action case brought by some of the same named plaintiffs in this case on behalf of themselves and others similarly situated. In Atkinson, the plaintiffs seek recovery under federal securities law.

In considering the Atkinson case, which the Plaintiffs have alleged to be complementary to this action, the Court described the factual background as follows:

> Morgan Keegan Select Fund, Inc. ("MK Select") is an open-end management investment company that consists of three portfolios: Regions Morgan Keegan Select Short Term Bond Fund ("Short Term Fund"), Regions Morgan Keegan Select Intermediate Bond Fund ("Intermediate Fund"), and Regions Morgan Keegan Select High Income Fund ("High Income Fund"). (Atkinson Am. Compl. ¶ 7.) Collectively, these three funds are referred to as the "Open-End Funds."
>
> Morgan Asset Management, Inc. ("Morgan Asset") managed and advised the Open-End Funds during the relevant time period. (Atkinson Am. Compl. ¶ 28.) . . . Morgan Keegan & Company, Inc. ("Morgan Keegan"), a broker/dealer that provided accounting and administration services for the funds, was also paid a fee based on the net assets in each fund. MK Holding, Inc. (the parent company of Morgan Asset) and Morgan Keegan are wholly owned subsidiaries of Regions Financial Corporation ("Regions").
>
> In July, 2007, Morgan Keegan disclosed that its proprietary funds were experiencing challenges because of "rising short term interest rates, extremely tight spreads in credit markets, and volatility in sub-prime mortgage markets." (DeJoseph Compl. ¶¶ 6, 64.) In August, Morgan Keegan revealed that the "recent instability in the market for fixed income securities, particularly mortgage-backed securities, has affected the liquidity of the Funds portfolio." (Hartman Compl. ¶ 51; DeJoseph Compl. ¶ 8.) Given the difficulty Morgan Keegan had in valuing the assets in its portfolios in the absence of market demand, "the Board of Directors [] retained an independent valuation consultant to assist in determining the fair value of certain of the Funds portfolio securities." (Id.)
>
> The funds sustained significant losses during 2007. The Open-End Funds lost between 16.4 percent and 61.4 percent of their total value. (Atkinson Am. Compl. ¶¶ 68-70.) . . . . Plaintiffs contend that these losses are magnitudes greater than those suffered by similar funds and support the argument that Defendants pursued an unusually risky investment strategy. (Atkinson Am. Compl. ¶ 71.)

> According to Plaintiffs, Defendants' investment strategy, which focused on collateralized debt obligations ("CDOs"), including mortgage-backed and asset-backed securities, violated securities laws and was not adequately disclosed to investors. (Atkinson Compl. ¶¶ 1, 275, 285, 293, and 297.)

(Atkinson, et al. v. Morgan Asset Mgmnt, Inc., et al., CA 07-2784, Order Granting in Part and Denying in Part Mots. at 4-7 (footnotes omitted).)

This state-law action is intended to ensure that the investment funds recover from Defendants for the losses that the funds sustained. In their breach of fiduciary duty counts, Plaintiffs allege that individual and corporate officers and directors violated their fiduciary duty to act in good faith, in a manner they reasonably believed to be in the best interests of the corporation and with the care that an ordinarily prudent person in a like position would use in similar circumstances. (Compl. ¶¶ 386, 389, 398.) The officers and directors' failure to manage the investment funds in compliance with the funds' stated investment objectives and policies violated the 1940 Act § 13. (Id. at ¶¶ 388, 396.) The officers and directors also "did not act in good faith but intentionally, in bad faith, with gross negligence or reckless disregard of their duties and of the information readily available to them regarding the manner in which the Funds were being managed, engaged in waste of the

Funds' assets and, in so doing, breached their fiduciary duties, as alleged herein." (Id. at ¶ 389; see id. at 398.)

Plaintiffs also allege that Morgan Keegan was negligent by breaching its duty of care to assure that:

> (a) The Funds stated their financial statements accurately, completely and fully in compliance with GAAP and performed their audits in accordance with GAAS;
> (b) The Funds management and directors were informed of those matters which, under the circumstances pertaining to the Funds in 2006, they should have been informed, as described herein;
> (c) The Funds were being properly managed in compliance with their respective investment objectives, policies and restrictions;
> (d) The Funds registration statement and prospectus used by the MK Defendants to sell the Funds' shares in 2006 and 2007 did not contain fraudulent or misleading financial information.

(Compl. ¶ 407.)

## II. STANDARD OF REVIEW

On a motion for remand, the defendant bears the burden of establishing that removal was proper. Long v. Bando Mfg. of America, Inc., 201 F.3d 754, 757 (6th Cir. 2000). Removal under 28 U.S.C. §§ 1441 and 1446 is appropriate when federal jurisdiction existed at the time of removal, without consideration of subsequent events. Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 375 (6th Cir. 2007). "The removal petition is to be strictly construed with all doubts resolved against removal." Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th

Cir. 1989) (citing Wilson v. USDA, 584 F.2d 137, 142 (6th Cir. 1978)).

Removal jurisdiction requires a showing that the federal court has original jurisdiction over the action, either through: (1) diversity of citizenship under 28 U.S.C. § 1332; or (2) federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441. Defendants assert that the Court had federal question jurisdiction over this action at the time of removal. (Defs. Resp. 5.) Original jurisdiction based on a federal question exists when an action presents "a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1331.[3]

"To determine whether the claim arises under federal law, we examine the 'well-pleaded' allegations of the complaint and ignore potential defenses." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). There are three exceptions to the well-pleaded complaint rule. Mikulski v. Centerior Energy Corp., 501 F.3d 555, 560 (6th Cir. 2007). Under the complete-preemption doctrine, "removal is proper 'when a federal statute wholly displaces the state-law cause of action through complete

[3] "[B]ecause the 'arising under' language of § 1441(b) is almost identical to the language of 28 U.S.C. § 1331, the scope of removal jurisdiction based on the existence of a federal question under § 1441(b) is considered to be identical to the scope of federal question jurisdiction under § 1331." Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 757-58 (6th Cir. 2000); see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 391-92 (1987).

preemption.'" Id. (citing Beneficial Nat'l Bank, 539 U.S. at 8). A related exception is the "artful-pleading doctrine" which precludes plaintiffs from avoiding "removal jurisdiction by artfully casting their essentially federal claims as state-law claims." Mikulski, 501 F.3d at 560 (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n. 2 (1981)). Under the "substantial-federal-question doctrine," removal may be proper "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." Mikulski, 501 F.3d at 560 (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9 (1983)).

## III. ANALYSIS

This action arises from the same conduct alleged in several putative securities class actions also pending in this Court. Defendants argue that "there is no practical or legal basis for allowing Plaintiffs' two cases—which involve all the same facts, the same parties, the same issues and the same law—to proceed in two separate courts." (Def. Mem. 2.) In the putative securities class actions, Plaintiffs seek recovery on behalf of themselves and others similarly situated for violation of federal securities law. Plaintiffs bring this case in their role as shareholders and seek recovery on behalf of the investment funds for violations of state law. The facts and parties are the same, but the causes of action are not. There

is no legal basis to conclude that a similar case in federal court gives that federal court jurisdiction over a case brought in state court seeking recovery under state law. The Court must satisfy itself that it has independent subject matter jurisdiction over this derivative action notwithstanding its similarity to the securities class action suits pending before the Court.

Courts addressing remand motions in situations similar to that presented here, that is, when shareholder derivative actions filed in state court were removed to the federal court where "federal securities law actions based on the same underlying facts [were] pending," have reached inconsistent conclusions.[4] See Sung v. Wasserstein, No. 05-Civ-7138 (VM), 2006 WL 435449 (S.D.N.Y. Feb. 21, 2006). A review of district court cases confirms that similarity of facts between cases in federal and state court is not an adequate basis for analyzing the issue of jurisdiction. The better course is reliance on the principles established by the Supreme Court as interpreted and applied by the Sixth Circuit.

[4] Under these circumstances, some courts have remanded the action to state court. See, e.g., Gargiulo v. Decker, No. SACV05-00103, 2005 WL 755771 (C.D. Cal. Mar. 30, 2005); Fathergill v. Rouleau, No. 03-CV-0879-D, 2003 WL 21467570 (N.D. Tex. June 23, 2003); Coykendall v. Kaplan, No. C 02-02287 CW, 2002 WL 31962137 (N.D. Cal. Aug.1, 2002). Other courts have denied remand and retained jurisdiction. See, e.g., Wietschner v. Gilmartin, No. 02-4879, 2003 U.S. Dist. LEXIS 18997 (D.N.J. Jan. 14, 2003); Gobble v. Hellman, No. 1:02CV0076, 2002 U.S. Dist. LEXIS 26833 (N.D. Ohio March 26, 2002).

**A. The Well-Pleaded Complaint Rule, Artful Pleading and Preemption**

The well-pleaded complaint rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Her Majesty the Queen, 874 F.2d at 338 (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)). The plaintiff is the master of her claim and may "decide what law she will rely on." Loftis v. United Parcel Service, Inc., 342 F.3d 509, 515 (6th Cir. 2003) (quoting The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913)).

In the case at bar, Plaintiffs seek relief only under state law. "[T]he fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action." Loftis, 342 F.3d at 515 (quoting Alexander v. Elec. Data Sys. Corp., 13 F.3d 940, 943 (6th Cir. 1994)). State claims "'do not lose their character because it is common knowledge that there exists a scheme of federal regulation.'" United Jersey Banks v. Parell, 783 F.2d 360, 368 (3rd Cir. 1986) (quoting Pan Am. Petroleum Corp. v. Superior Court, 366 U.S. 656 (1961)); see also Her Majesty the Queen, 874 F.2d at 340. Therefore, that Plaintiffs have "previously asserted that the facts and conduct at issue here directly involve questions of federal law," Defs.

Resp. 6 n 4, does not diminish Plaintiffs' right to plead exclusively state law causes of action in a state court. Nor does the existence of federal causes of action on the same facts transform Plaintiffs' state law causes of action into federal claims. Courts generally will not re-characterize state law claims as federal claims for purposes of removal. Loftis, 342 F.3d at 515 (citing Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)).

A court, however, "may uphold removal even though no federal question appears on the face of the plaintiff's complaint," Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998), if it finds that a plaintiff has "artfully pleaded" her claims to defeat removal by "omitting to plead necessary federal questions in a complaint," Franchise Tax Bd., 463 U.S. at 22. The court must examine the facts pleaded by the plaintiff to determine whether the plaintiff would "have had a federal, statutory cause of action. . . that might have been invoked by a less artfully drafted complaint." Mikulski, 501 F.3d at 563.

Artful pleading and preemption are closely related, because most courts will find artful pleading only where areas of state law have been completely preempted by federal substantive law. See Mikulski, 501 F.3d at 561 (citing Caterpillar, Inc., 482 U.S. at 397). In other words, artful pleading is found only when a "well-pleaded" complaint would have raised a federal

question because the state law cause of action for the injury has been preempted by federal law. The Sixth Circuit has "recognized that complete preemption is a limited rule."[5] Mikulski, 501 F.3d at 564. It exists only when the "pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Caterpillar, Inc., 482 U.S. at 393 (citing Metro. Life Ins. Co., 481 U.S. at 65). Because their state law causes of action are not preempted by federal law, Plaintiffs' complaint is not "artfully pleaded" so as to avoid stating an essentially federal claim. Defendants do not argue that federal securities law preempts the state law causes of action Plaintiffs have pleaded.[6]

"Where federal and state claims are not identical, the artful pleading doctrine has been held not to apply." Her Majesty the Queen, 874 F.2d at 340. The elements of the state law causes of action Plaintiffs assert (breach of contract, breach of fiduciary duty, negligence, contribution, and

[5] The only areas in which the Supreme Court has found complete preemption are: (1) Section 301 of the Labor Management Relations Act of 1947, see Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists, 390 U.S. 557 (1968); (2) Sections 502(a)(1)(B) and 502(f) of the Employee Retirement Income Security Act of 1974, Metro. Life Ins. Co., 481 U.S. at 63-66; (3) Indian rights, see Oneida Indian Nation of New York State v. County of Oneida, 414 U.S. 661, 675 (1974); and (4) Section 30 of the National Bank Act, Beneficial Nat'l Bank, 539 U.S. at 10-11.

[6] Defendants do not argue that this derivative suit is preempted by SLUSA. The Securities Litigation Uniform Standards Act ("SLUSA") preempts state law causes of action only for "covered class actions" and specifically preserves state jurisdiction over derivative actions. See 15 U.S.C. §§ 77p et seq.

negligent misrepresentation) are not identical to the elements of private federal causes of action for violations of federal securities law. Thus, Plaintiffs' complaint does not plead a federal cause of action on its face and is not "artfully pleaded" to avoid raising a federal question.

**B. Substantial Federal Question**

Where a well-pleaded complaint does not seek relief under federal law, a court may find removal proper if the plaintiff's complaint raises a "substantial" federal question. "The substantial-federal-question doctrine has three parts: (1) the state law claim must necessarily raise a disputed federal issue; (2) the federal interest in the issue must be substantial; and (3) the exercise of jurisdiction must not disturb any congressionally approved balance of federal and state judicial responsibilities." Mikulski, 501 F.3d at 568 (citing Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005)).

Defendants assert that Plaintiffs, having alleged violations of federal securities law, "have invoked the jurisdiction of this Court, and any claim to the contrary should be rejected as inconsistent with both Plaintiffs' own allegations and controlling federal case law." (Defs. Mem. 19.) Federal jurisdiction is not created simply by alleging a violation of a federal law. Merrell Dow Pharm., Inc. v.

Thompson, 478 U.S. 804, 813 (1986) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal jurisdiction."); see also, Fin. and Trading, Ltd. v. Rhodia, S.A., No. 04 Civ 6083 (MBM), 2004 WL 2754862, at *5 (S.D.N.Y. 2004) ("[F]ederal securities statutes do not provide the exclusive remedies for all securities fraud claims."); Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 383 (1996) ("Congress plainly contemplated the possibility of dual litigation in state and federal courts relating to securities transactions."). Federal jurisdiction does exist, however, when the violations of federal law plaintiffs allege necessarily raise disputed and substantial federal questions.

**1. Disputed Federal Issues**

The first consideration is whether Plaintiffs' state law claims necessarily raise disputed federal issues. Plaintiffs argue that federal statutes are not in dispute because there is no question about whether federal statutes apply to Defendants. Defendants point out that the construction of federal laws is disputed. Specifically, Defendants deny that they have violated federal law. For example, Defendants deny that the corporate and individual "Fiduciary Defendants violated the 1940 Act §13" by "their failure to manage the Funds in compliance with said

investment objectives and policies."[7] (Def. Mem. 10; Comp. ¶¶ 388 and 396.)

Plaintiffs argue that their state law claims do not "necessarily" raise federal questions, because the federal violations they allege are merely an alternate theory to establish the elements of their state law causes of action. (Pl. Mem. 16.) "[A] trier of fact may determine that Defendants were negligent, breached fiduciary duties owed to the Funds, and breached their contracts with the Funds without addressing whether such conduct also violated federal law." (Pl. Mem. 10.) "While Plaintiffs need not prove a violation of the [the Investment Company Act of 1940 ("ICA"), 15 U.S.C. §§ 80a et seq.] in order to establish negligent misrepresentation or a breach of contract or fiduciary duty, the same evidence is likely to prove all three, and a violation of § 13 is merely an additional basis for these claims—e.g., fiduciaries who violate the ICA likely breached their fiduciary duty to their funds' shareholders." (Pl. Mem. 7-8.)

[7] Other specific disputed issues raised in Plaintiffs' complaint, include: 1) whether "the Funds invested more than 15% of their respective portfolios in illiquid securities in contravention of the SEC's guidance and notwithstanding being prohibited from doing so by [an] investment restriction imposed on the funds by the Funds' directors in compliance with. . . an SEC requirement," Compl. ¶ 86; (2) whether the funds limited "their investments in a single industry, as they were required to" by "section 13 of the 1940 Act," Compl. ¶¶ 134-39; and(3) whether the Defendants "caused the Funds to misrepresent and/or omit material facts in the Funds' registration statement, as amended from time to time, in connection with the offer and sale of the Funds' shares in violation of the Securities Act of 1933," Compl. ¶ 153.

Plaintiffs argue that Merrell Dow supports their conclusion. In Merrell Dow, the Supreme Court held that "a complaint alleging a violation of a federal statute as an element of a state cause of action" does not give rise to federal jurisdiction when the violation of a federal statute is only one theory in one count and when "Congress has determined that there should be no private federal cause of action for the violation." 478 U.S. at 817. Merrell Dow is distinguishable from the case at bar. Here, Plaintiffs allege in numerous counts that Defendants have violated federal statutes. Here, federal securities laws do provide private rights of action.

Defendants explain that "Plaintiffs have pled their state law claims so as to inextricably intertwine those claims with the need for proof of a violation of federal law." (Defs. Mem. 12.) Plaintiffs are masters of their complaint and have chosen to rely on violations of federal law, implicitly or explicitly, to establish violations of state law. Plaintiffs recite violations of federal statutes not only in their factual allegations, but also in stating their claims. Even where the Plaintiffs do not explicitly refer to violations of federal law, they allude to duties created by federal law as a basis for their state law causes of action. Plaintiffs argue that violation of federal law is an "alternate theory." As written,

however, Plaintiffs' complaint requires a court to construe and apply federal statutes.

In Counts V and VI, Plaintiffs argue that Defendants were negligent by failing to meet the duty of care established by federal statutes and regulations. (See Compl. ¶ 407.) Defendants argue that "Plaintiffs explicitly ask the Court to evaluate Defendants' conduct on the basis of federal statutes, regulations and standards." (Defs. Mem. 3.) Plaintiffs admit that "the federal laws referenced in the Complaint provide standards against which to measure Defendants' conduct and are part of the proof of the elements of the state law claims." (Pls. Mem. 10.) Plaintiffs have asserted no source of Defendants' duty of care other than federal securities laws. Thus, a court could not find that Defendants were negligent without deciding that they had violated the standard of care imposed by federal law.

Similarly, in Counts III and IV, Plaintiffs allege that Defendants breached their fiduciary duty by failing to fulfill duties imposed by federal law. (Compl. ¶¶ 388-89 and 396.) According to Defendants, "Plaintiffs contend that Defendants breached their fiduciary duties when they 'violated the 1940 Act § 13.'" (Defs. Mem. 11.) Plaintiffs counter that "[t]he facts necessary to support a violation of [ICA] § 13 coincide with the facts supporting Plaintiffs' breach of contract and fiduciary

duty claims." (Pls. Mem. 7.) Defendants state that "apart from stating that Defendants allegedly 'violated the 1940 Act § 13,' Plaintiffs do not assert that Defendants violated their fiduciary duties in any other way." (Defs. Mem. 12.) Plaintiffs' complaint alleges that a director shall perform his duties "(1) in good faith; (2) in a manner he reasonably believes to be in the best interests of the corporation; and (3) with the care that an ordinarily prudent person in a like position would use under similar circumstances," and that the Defendants failed "to manage the Funds in compliance with said investment objectives and policies..." and "did not act in good faith, but. . .in bad faith, with gross negligence. . . engaged in waste of the Funds assets and, in so doing, breached their fiduciary duties. . . ." (Compl. ¶¶ 386-389.)

In support of Counts III and IV, Plaintiffs reference duties imposed on Defendants by federal statutes.[8] In D'Alessio v. New York Stock Exch., Inc.[9], which turned on the fact that the vindication of rights depended on construction of "relationships created by federal law," the Second Circuit held there was

[8] For example, SEC guidelines required Defendants to "limit their investments in illiquid securities," Compl. at 28; SEC guidelines required Defendants to "limit their investment in a single industry," Compl. at 55; and "The Funds misrepresentations and omissions" violated the Securities Act of 1933, Compl. at 66-67. Moreover, "[w]hile Plaintiffs do not identify the source of [the] alleged duty [to provide adequate net asset valuations for the Funds], it is undisputed that the obligation to provide accurate and timely net asset valuations is a requirement imposed by the Investment Company Act of 1940 and its attendant regulations. " (Defs. Mem. 12; Compl at 37-58.)
[9] Although persuasive, this Second Circuit precedent is not controlling here.

federal jurisdiction. 258 F.3d 93, 102-03 (2d Cir. 2001). "[R]emoval to federal court is proper where the state action simply provides the vehicle for the 'vindication of rights and... relationships created by federal law.'" Donovan v. Rothman, 106 F.Supp.2d 513, 517 (S.D.N.Y. 2000) (citing West 14th Street Commercial Corp. v. 5 West 14th Owners Corp., 815 F.2d 188, 196 (2d Cir. 1987)). The Second Circuit has found that borrowing "federal law as a standard of conduct in a state created action is not sufficiently substantial to confer federal question jurisdiction." West 14th Street Commercial Corp., 815 F.2d at 193. In the case at bar, however, Plaintiffs have not only borrowed standards of conduct imposed by federal law, but have pleaded violations of federal law as grounds for finding that Defendants were negligent and breached their fiduciary duty.

Referencing federal law in a complaint is not sufficient to confer federal question jurisdiction. In Wietschner, the district court retained jurisdiction over a case where the complaint referenced federal law because it determined that plaintiffs' claims were primarily based on defendants' failure to monitor financial disclosures as required by federal securities laws and statutes. Wietschner v. Gilmartin, No. 02-4879, 2003 U.S. Dist. LEXIS 18997 (D.N.J. Jan. 14, 2003.) The court did not retain jurisdiction simply because the complaint

referenced federal securities law. The court found that the primary injury, failure to monitor, was a requirement imposed by federal, not state, law. Here, Plaintiffs plead breach of fiduciary duty and negligence based on Defendants' breach of duties imposed by federal securities laws. The relationships that underpin the counts as Plaintiffs have pleaded them are created by federal law, and Plaintiffs have pleaded violation of federal law as a basis of their state law causes of action.

As pleaded, the negligence and fiduciary duty counts require a court to resolve federal law. Plaintiffs have explicitly asked the Court to evaluate Defendants' actions in light of requirements imposed by federal securities law. As a result, Plaintiffs' allegations in Counts III, IV, V, and VI necessarily raise disputed issues of federal law.[10]

[10] Counts I, II, and X for breach of contract do not raise federal questions. See, e.g., AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 n 10 (9th Cir. 2007) ("Count I is a state law breach of contract claim and, accordingly, raises no federal questions whatsoever."). Courts have generally found that a breach of contract claim raises a substantial federal question only in special circumstances where the entire relationship between the parties is created by federal law. See, e.g., Marcus v. AT&T Corp., 938 F. Supp. 1158, 1169 (S.D.N.Y. 1996) (holding that a breach of warranty claim gave rise to federal jurisdiction because the claim was based on "terms of agreements between AT&T and its customers" in "tariffs filed in accordance with FCA" and considered law). Here, the contracts between Defendants and Plaintiffs can be interpreted under state law. Although Count VII for contribution requires a finding that Defendants violated federal securities law in the pending putative federal securities class actions, it is a remedial count only and would be insufficient to establish a basis for federal jurisdiction. See Coleman v. Casey Count Bd. Of Educ., 686 F.2d 428, 429-30 (6th Cir. 1982) (holding that a contribution or indemnity claim based on state substantive law was not "independently within the jurisdiction of a federal court"). Counts VIII and IX allege negligent misrepresentation, which a trier of fact may find without deciding that Defendants' misrepresentations violated federal securities law.

**2. "Substantial" Federal Question**

To determine whether a disputed federal issue gives rise to federal jurisdiction, the Court must determine whether the issue is "substantial." Four considerations affect the substantiality of the federal interest: (1) whether the case involves a federal agency's compliance with a federal statute; (2) whether the federal question is important; (3) whether a decision on the federal question will resolve the case or is just incidental to the outcome; and (4) "whether the decision of the federal question will control numerous other cases." Mikulski, 501 F.3d at 570. This case does not involve a federal agency's compliance with a federal statute. Therefore, the first consideration suggests against finding federal jurisdiction.

The second consideration is the importance of the federal question. In deciding whether a federal question is important, courts have considered whether Congress has provided a private right of action for violation of the federal statute at issue in the state law cause of action. Eastman v. Marine Mech. Corp., 438 F.3d 544, 552 (6th Cir. 2006) ("Merrell Dow should be read in its entirety as treating the absence of a federal private right of action as evidence relevant to, but not dispositive of, the 'sensitive judgments about Congressional intent' that §1331 requires.") (citing Grable, 545 U.S. at 318). The facts Plaintiffs allege in support of their state law causes of action

are nearly identical to the facts alleged in support of federal actions for violations of federal statutes. Congress has found violation of these federal statutes sufficiently significant to warrant a federal private right of action to vindicate them. “[T]he interpretation and application of the federal securities laws. . . [are] areas of undisputed strong federal interest.” D’Alessio, 258 F.3d at 100. The second consideration, therefore, weighs in favor of finding federal jurisdiction.

The third consideration requires the Court to determine whether resolution of the federal question will resolve the case or is merely incidental to the outcome. Plaintiffs admit that “the federal laws referenced in the Complaint provide standards against which to measure Defendants’ conduct and are part of the proof of the elements of the state law claims.” (Pls. Mem. 10.) Plaintiffs concede that their negligence count depends on finding that the Defendants did not meet the standard of care imposed by federal securities law. Resolution of a federal question is necessary to establish the standard of care and, therefore, to resolve Plaintiffs’ state law negligence claims.

Plaintiffs also acknowledge that “[t]he facts necessary to support a violation of [ICA] § 13 coincide with the facts supporting Plaintiffs’ breach of contract and fiduciary duty claims.” (Pls. Mem. 7.) Therefore, a finding that Defendants violated the ICA will also determine whether Defendants breached

their fiduciary duty. A fiduciary who knowingly violates federal law also breaches his fiduciary duty under state law. Because resolution of a federal question is not merely incidental to the outcome, the third consideration suggests that there is federal jurisdiction.

The fourth consideration is whether the decision of the federal question will control numerous other cases. Plaintiffs allege that Defendants violated SEC regulations, the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77a et seq., and the ICA. Specifically, Plaintiffs argue that mortgage-backed securities were illiquid securities for purposes of SEC guidelines limiting the proportion of illiquid securities in which open-end funds may invest. Resolution of this and other securities law questions would have a significant effect on numerous other cases. The principal theory pleaded by Plaintiffs, if successful, could have extensive implications for the business practices of investment management companies that invested in mortgage-backed securities. Because federal securities actions that raise the same theory are currently pending in federal court, there is also a substantial risk of inconsistent adjudications. Therefore, the fourth consideration also suggests that the Court should exercise jurisdiction.

Of the four factors courts consider, three strongly suggest that the federal question is substantial and weigh in favor of finding federal jurisdiction in this case.

### 3. Federal-State Balance

The Court must also consider whether the exercise of jurisdiction would disturb the Congressionally-approved balance of federal and state judicial responsibilities. In the area of federal securities law, Congress has specified the federal-state balance of responsibilities by statute. Congress has vested federal courts with exclusive jurisdiction over violations of the Securities Exchange Act of 1934 ("Exchange Act").[11] 15 U.S.C. § 78aa. The ICA and the Securities Act both vest concurrent jurisdiction in state and federal courts.[12] 15 U.S.C. 77v(a); 15 U.S.C. 80a-43.[13] Courts also consider the absence of a federal private right of action as evidence that Congress has intended that federal courts not exercise jurisdiction. Eastman, 438 F.3d at 552 (citing Grable, 545 U.S. at 318).

---

[11] District courts are vested with exclusive jurisdiction over "violations of this chapter. . . and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder." 15 U.S.C. § 78aa.

[12] "The district courts of the United States. . . shall have jurisdiction of violations of this title or the rules, regulations, or orders thereunder, and concurrently with the State and Territorial courts, of all suits in equity and actions at law brought to enforce any liability or duty created by. . . this title or the rules regulations, or orders thereunder." U.S.C. 77v(a); 15 U.S.C. 80a-43.

[13] The Securities Act specifically provides that "no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. 77v(a). This provision is not implicated by this case, because Plaintiffs rely on violations of other federal securities laws, not only the Securities Act.

Congress has vested both state and federal courts with jurisdiction over federal securities law violations. Congress has also provided a federal private right of action for the violations of the federal securities law that Plaintiffs allege. Therefore, exercising federal jurisdiction in this case would not disturb the Congressionally-approved balance of judicial responsibilities.

Plaintiffs' complaint raises important, disputed federal questions that are necessary to the outcome of their case. The federal questions are substantial, and the exercise of federal jurisdiction would not disturb the federal/state balance of judicial responsibilities. The facts and law alleged in this case satisfy the requirements of the substantial federal question doctrine and vest this Court with jurisdiction.

**C. The Securities Litigation Uniform Standards Act**

Plaintiffs argue that the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. §§ 77p et seq., "provides an independent basis to remand this action." (Pl. Mem. at 17.) SLUSA provides that "[a]ny covered class action brought in any State court involving a covered security. . . shall be removable to [] Federal district court. . . ." 15 U.S.C. § 77p(c). SLUSA is both a preemption and a removal statute. In re Enron Corp. Sec., 535 F.3d 325, 341 (5th Cir. 2008). Only "covered class actions" may be removed under SLUSA, and Congress specifically

excluded derivative actions from the definition of "covered class actions." 15 U.S.C. §77p(f)(2)(B). Thus, SLUSA does not provide a basis for removal of an "exclusively derivative action." Sung v. Wasserstein, 415 F. Supp. 2d 393, 408 (S.D.N.Y. 2006). SLUSA instructs a Federal court to remand to state court any action that was not properly removed under SLUSA. 15 U.S.C. §77p(d)(4). Thus, SLUSA provides the Court with a basis to remand an action only if the action was removed to this Court under SLUSA. It does not, as Plaintiffs contend, evidence a "clear Congressional intent to grant state courts exclusive jurisdiction over derivative litigation and expressly call[] for the remand of such actions to state court." (Pl. Mem. 17-18.) Defendants removed this case on the basis of 28 U.S.C. §1441(a),[14] not under SLUSA. (Notice of Removal 2.) Because this case was not removed under SLUSA, SLUSA does not provide an independent ground for this Court to remand the action to State court.

Plaintiffs seek to portray SLUSA as an "Act of Congress" described in 28 U.S.C. § 1441(a) that bars Defendants' attempt to remove this action. (Id. at 17.) Defendants correctly respond that SLUSA "does not curtail federal jurisdiction or

---

[14] "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant. . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

removal jurisdiction in any way whatsoever." (Defs. Mem. 18.) The construction of § 1441(a) and SLUSA urged by Plaintiffs is not supported by the plain language of either statute or by the case law. SLUSA specifically provides that, "[e]xcept as provided in [the subsection preempting covered class actions brought under state law], the rights and remedies provided by this subchapter shall be in addition to any and all other rights and remedies that may exist at law or at equity." 15 U.S.C. §77p(a). Congress would not have used this language had it intended SLUSA to "grant state courts exclusive jurisdiction over derivative litigation"[15] and call "for the remand of such actions to state court," Pl. Mem. 19., where defendants have asserted grounds other than SLUSA as a basis for removal.

The cases on which Plaintiff relies are inapposite because the defendants in those cases premised removal on SLUSA. Central Laborers' Pension Fund v. Chellgren, No. 02-220-DLB, 2004 WL 1348880, at *8 (E.D.Ky. Mar. 29, 2004) ("Defendants propose in their Notice of Removal that federal question subject matter jurisdiction exists under 15 U.S.C. §§ 78bb(f)(1) & (2), the Securities Litigation Uniform Standards Act (SLUSA).");

[15] In fact, the "legislative history of SLUSA reflects that one of its purposes was to prevent class action plaintiffs from bypassing PSLRA by filing cases in state court that are in the nature of class action securities fraud cases, but are disguised to avoid jurisdiction in federal court and PSLRA's more stringent requirements governing class action securities cases." Central Laborers' Pension Fund v. Chellgren, No. 02-220-DLB, 2004 WL 1348880, at *8 (E.D. Ky. Mar. 29, 2004) (citing Pub. L. No. 105-353 (1998)).

Coykendall v. Kaplan, 2002 WL 31962137, at *2 (N.D. Cal. Aug. 1, 2002) ("Defendants argue that this case falls under the provisions of the SLUSA and was properly removed."); Arlia v. Blankenship, 234 F. Supp. 2d 606, 608 (S.D.W.V. 2002) ("[D]efendants nonetheless labor mightily to persuade the court that this case is indeed a covered class action subject to preemption and removal [under the SLUSA]."); Sung, 415 F.Supp.2d at 408 (The action is beyond SLUSA's preemptive scope and "not removable pursuant to the SLUSA.").

Here, "Defendants have not premised removal on, or claimed that this case is preempted by, SLUSA." (Def. Mem. 17.) "Defendants have removed this case pursuant to 28 U.S.C. § 1331 and on the basis that Plaintiffs' claims are effectively dependent upon the interpretation and application of important and substantial questions of federal law, which must be resolved in order to adjudicate Plaintiffs' claims." (Id.) Because Defendants have not premised removal on SLUSA, Plaintiffs' argument that, as an "exclusively derivative" action, this action does not fall within the removal provision of SLUSA is unavailing.

## IV. CONCLUSION

Federal jurisdiction over this case cannot be supported by the well-pleaded complaint rule because Plaintiffs have not raised a federal cause of action on the face of their complaint

and have not "artfully pleaded" their complaint to avoid an area of state law preempted by federal law. Plaintiffs' complaint does, however, raise disputed federal issues so substantial as to give rise to federal jurisdiction. Plaintiffs are masters of their complaint, and their complaint raises disputed federal questions as part of their negligence claim and as a basis for their claim for breach of fiduciary duty. Interpretation of those questions of federal securities law is a matter of substantial federal concern, and the Court's exercise of jurisdiction does not disturb the Congressionally-approved balance of federal and state judicial responsibilities.

Plaintiffs' complaint satisfies the "substantial federal question" exception to the well-pleaded complaint rule. Therefore, the Court has jurisdiction over Counts III and IV for breach of fiduciary duty and Counts V and VI for negligence under 28 U.S.C. §§ 1331 and 1441. Plaintiffs' remaining claims do not raise substantial and disputed federal questions. The Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. §§ 1367 and 1441, because those claims arise from the same transaction or occurrence as Counts III, IV, V, and VI. For the foregoing reasons, Plaintiffs' motion for remand is DENIED.

So ordered this 31st day of March, 2009.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE