IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

_____
                                                        )
IN RE REGIONS MORGAN KEEGAN      )         MDL Docket No. 2009
SECURITIES, DERIVATIVE and ERISA  )
LITIGATION                                           )
                                                        )
This Document Relates to:                  )
                                                        )
*Landers v. Morgan Asset Management,* )
*Inc.*, No. 2:08-cv-02260-SMH-dvk        )
_____)

**INDEPENDENT DIRECTORS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO DISMISS**

Jeffrey B. Maletta
Nicole A. Baker
K&L GATES LLP
1601 K Street, NW
Washington, DC  20006-1600
(202) 778-9000

*Attorneys for Jack R. Blair, Albert C. Johnson, James Stillman R. McFadden, W. Randall Pittman, Mary S. Stone, and Archie W. Willis, III*

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ........................................................................................... 1

**ARGUMENT** ........................................................................................................................ 1

      I.A.    As Plaintiffs Acknowledge, Recent Events Have Mooted the Issue of
Demand Futility ....................................................................................................... 1

      I.B.    Demand Was Not Excused ....................................................................................... 4

      II.     The Complaint Includes No Allegations Regarding Futility of Demand on the
Shareholders ............................................................................................................ 7

      III.    The Sole Claim Against the Independent Directors Fails to State a Claim ............ 7

**CONCLUSION** .................................................................................................................... 8

# TABLE OF AUTHORITIES

Aronson v. Lewis,
    473 A.2d 805 (Del. 1984)……………………………………………………………6

Ashcroft v. Iqbal,
    129 S. Ct. 1937 (2009)……………………………………………………………….7

Bell v. Arnold,
    487 P.2d 545 (Colo. 1971)…………………………………………………………...7

Bender v. Schwartz,
    917 A.2d 142 (Md. App. 2007)……………………………………………………….2

Block v. SEC,
    50 F.3d 1078 (D.C. Cir. 1995)……………………………………………………….5

Braddock v. Zimmerman,
    906 A.2d 776 (Del. 2006) …………………………………………………………...4

Bridgeport Music, Inc. v. WB Music Corp.,
    508 F.3d 394 (6th Cir. 2007) ………………………………………………..……3, 6, 7

Felker v. Anderson,
    2005 WL 602974 (W.D. Mo. Feb. 11, 2005)………………………………………..5

Frederico v. Home Depot,
    507 F.3d 188 (3d Cir. 2007)………………………………………………………3, 6, 7

Hillson Partners Ltd. P'ship v. Adage, Inc.,
    42 F.3d 204 (4th Cir. 1994)………………………………………………………3, 6, 7

In re CNL Hotels & Resorts, Inc., Sec. Litig.,
    2005 WL 2219283 (M.D. Fla. Sept. 13, 2005)……………………………………....5

Mona v. Mona Elec. Group,
    934 A.2d 450 (Md. App. 2007)…………………………………………………...….2

Olesh v. Dreyfus Corp.,
    1995 WL 500491 (E.D.N.Y. Aug. 8, 1995)………………………………………….5

Rales v. Blasband,
    634 A.2d 927 (Del. 1993)…...………………………………………………………6

Spiegel v. Buntrock,
    571 A.2d 767 (Del. 1990)……………………………………………………………2

Stotland v. GAF Corp.,
  469 A.2d 421 (Del. 1983)……………………………………………………………………2

Washtenaw County Employees' Ret. Sys. v. Wells Real Estate Inv. Trust, Inc.,
  2008 WL 2302679 (N.D. Ga. Mar. 31, 2008)………………………………………………….5

Werbowsky v. Collomb,
  766 A.2d 123 (Md. 2001)……………………………………………………………………3, 6

Young-Henderson v. Spartanburg Area Mental Health Ctr.,
  945 F.2d 770 (4th Cir. 1991)…………………………………………………………………...2

## **OTHER AUTHORITIES**

Fed. R. Civ. P. 15(d)………………………………………………………………………………2

15 U.S.C. 80a-2(a)(19)(vii)………………………………………………………………………..5

Md. Code Ann. § 2-405.3 (2001) …………………………………………………………………4

2 ALI Principles of Corporate Governance § 7.03(b) (1994)……………………………………..6

Jack R. Blair, Albert C. Johnson, James Stillman R. McFadden, W. Randall Pittman, Mary S. Stone, Archie W. Willis, III (the "Independent Directors") hereby reply to Derivative Plaintiffs' Consolidated Memorandum in Opposition to Motions to Dismiss by Nominal Defendant Funds and all Defendants other than PricewaterhouseCoopers, Dckt. No. 37, filed August 3, 2009 (the "Opposition" or "Opp.").[1]

## PRELIMINARY STATEMENT

Plaintiffs have mooted their own patently meritless demand futility arguments by making demand on the unquestionably independent New Board.  Meanwhile, the New Board is exercising control over the litigation.  It is therefore beyond serious dispute that any possible claim of entitlement by plaintiffs to maintain the Funds' lawsuit on a derivative basis has now been extinguished.

## ARGUMENT

**I.A.    As Plaintiffs Acknowledge, Recent Events Have Mooted the Issue of Demand Futility**

The issues are now crystal clear in light of recent actions by plaintiffs and by the New Board.

Plaintiffs, in their Opposition, clearly and repeatedly "*assert that [after the filing of this action] demand was made on the New Directors*."  Opp. 46 (emphasis added).  See also Opp. 46 (caption) ("Demand was made on the New Directors") (emphasis omitted); Opp. 46-47 (arguing that plaintiffs have met standard for making demand on New Board); Opp. 47 ("the issue now is not whether demand to bring this action should have been made").  The Opposition further states

---

[1] The Independent Directors' opening Memorandum of Law in Support of Defendants' Motion to Dismiss the Class Action Complaint, Dckt. No. 29-2, filed June 1, 2009, will be referred to as the "Memorandum" or "Mem."  This Reply Memorandum uses the same abbreviations and defined terms as the Memorandum.

1

that, in light of plaintiffs' decision to make demand on the Funds' New Board, *the issue of demand on the prior board "[i]s [m]oot*," Opp. 45 (emphasis added). See also Opp. 48 ("demand is now moot in light of the events transpiring since this action was begun").

The Independent Directors agree that plaintiffs have mooted the question of demand futility. Under controlling Maryland law, "[b]y making a demand, the shareholders are deemed to have waived any claim they might otherwise have had that the board *cannot independently act* on the demand." Bender v. Schwartz, 917 A.2d 142, 152 (Md. App. 2007) (citing Scattered Corp. v. Chicago Stock Exch., Inc., 701 A.2d 70, 74 (Del. 1997)) (internal quotation marks omitted); see also Mona v. Mona Elec. Group, 934 A.2d 450, 466 (Md. App. 2007) (same). Accord Spiegel v. Buntrock, 571 A.2d 767, 775 (Del. 1990) ("By making a demand, a stockholder tacitly acknowledges the absence of facts to support a finding of futility . . . Thus, when a demand is made, the question of whether demand was excused is moot." It is therefore "unnecessary for the [trial court] to consider the merits of [the derivative plaintiff's earlier] argument that demand was excused."); Stotland v. GAF Corp., 469 A.2d 421, 422 (Del. 1983) (a ruling on demand futility in such circumstances would amount to an advisory opinion).

To the extent that, as the Opposition suggests, plaintiffs were dissatisfied with the New Board's response to their purported demand, plaintiffs might have filed a new action or sought leave to file a supplemental pleading in this action[2] alleging that the New Board wrongfully refused their demand. See Bender, 917 A.2d at 152. But this is a fundamentally different claim

---

[2] See Fed. R. Civ. P. 15(d) (supplemental pleading may be permitted by the court on motion); Young-Henderson v. Spartanburg Area Mental Health Ctr., 945 F.2d 770, 775 (4th Cir. 1991) ("facts accruing after the suit is brought may not be inserted by way of amendment but must be added by supplemental pleading . . . [p]articularly fatal to appellees' argument is the rule that supplemental pleadings require leave of court").

2

than that alleged in the Complaint. Federal Rule of Civil Procedure 23.1 requires that the complaint set forth the pertinent facts concerning demand. Clearly, then, plaintiffs may not raise any supposed issue of post-filing wrongful refusal of demand via arguments in a brief opposing a motion to dismiss a complaint in which plaintiffs allege only that they did not make demand because doing so would have been futile. See, e.g., Frederico v. Home Depot, 507 F.3d 188, 201-02 (3d Cir. 2007) ("[W]e do not consider after-the-fact allegations in determining the sufficiency of [plaintiff's] complaint under Rules 9(b) and 12(b)(6). It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citations and internal quotation marks omitted); Bridegport Music, Inc. v. WB Music Corp., 508 F.3d 394, 400 (6th Cir. 2007); Hillson Partners Ltd. P'ship v. Adage, 42 F.3d 204, 216 (4th Cir. 1994) ("such assertions must be alleged in the complaint; they cannot simply be raised in argument").[3]

In any event, the filing of a new complaint alleging wrongful refusal of demand would be futile and a waste of the time and resources of the Court, the defendants, and the Funds, since the New Board is acting well within its authority. Even Delaware law recognizes that:

> a board comprised of new directors who are under no personal conflict with respect to prosecution of a pending derivative claim may cause the corporation to act in a number of ways with respect to that litigation. For example, the new board can take control of the litigation by becoming realigned as the party plaintiff; move to dismiss the action as not in the corporation's best interest;

---

[3]   Plaintiffs attempt to muddy the waters by stating that Werbowsky v. Collomb, 766 A.2d 123 (Md. 2001) "held that a court may consider the allegations *or* evidence offered by plaintiff." Opp. 28, citing Werbowsky, 766 A.2d at 620. Werbowsky actually held that, because "[p]laintiffs can allege most anything," a plaintiff who sufficiently pleads demand futility can also be required to prove demand futility before proceeding with the merits of the corporate claim lest "the futility exception . . . swallow in one gulp the demand requirement." 766 A.2d at 145. But the evidence to be offered must relate to allegations that are in the Complaint. Werbowsky's requirement that a plaintiff both plead and prove demand futility manifestly does not create a novel opportunity for a plaintiff to prove a claim of wrongful refusal of demand not alleged in the complaint or otherwise absolve a plaintiff of the obligation to file a supplemental pleading if he intends to alter his claim based on post-filing events.

3

> permit the plaintiff to carry the litigation forward; or appoint a special litigating committee to determine what action to take.

Braddock v. Zimmerman, 906 A.2d 776, 785-86 (Del. 2006) (citations and internal quotation and other marks omitted).

The New Board has taken control of the litigation by moving to dismiss this action and continuing its investigation of the claims asserted in this matter. The question of futility of demand on the prior board is moot for this reason as well.

### I.B.     Demand Was Not Excused

Plaintiffs state that they raise their mootness argument "without waiving the argument that demand excused is to be determined on the basis of the Funds' board in March 2008." Opp. 48; Opp. 46 (similar). As discussed above, the substantive law of both Maryland and Delaware does not permit such straddling since a shareholder plaintiff who *chooses* to make demand unquestionably has waived any argument regarding demand futility.

Nevertheless, for the sake of completeness, the Independent Directors briefly address plaintiffs' erroneous arguments relating to futility of demand on the prior board.

Despite its prolixity, the Opposition makes no serious effort to defend the Complaint's demand futility allegations against the prior board under the controlling standards set forth in Werbowsky, see Mem. 1-2, 7-17, and Md. Code Ann. § 2-405.3 (2001). See Mem. 12 (demonstrating that this statutory provision is alternative and independent basis for dismissal).

Indeed, plaintiffs never even cite the controlling Maryland statute applicable to investment companies that required demand on the previous Board, and relegate their discussion

4

of the independence requirements of the Investment Company Act of 1940 ("ICA") to a footnote. Even there, plaintiffs get the law wrong.[4]

When it comes to the demand requirements under Maryland case law, plaintiffs fare no better. They repeatedly restate the allegations of their Complaint and expatiate about the more plaintiff-friendly demand futility standards of other jurisdictions (most of which the Complaint also fails to meet). But the Opposition's sixty pages cite only one case – Felker v. Anderson, No. 04-0372-CV, 2005 WL 602974 (W.D. Mo. Feb. 11, 2005) (Maletta Decl. Ex. B) – that applies post-Werbowsky Maryland law and supports their position. See Opp. 33-34. As two other federal courts have recognized, however, Felker is "not . . . persuasive" given that it "appears to ignore Werbowsky's clear admonition that a court should not excuse the failure to make demand simply because a majority of the directors approved or participated in some way in the challenged transaction or decision." Washtenaw County Employees' Ret. Sys. v. Wells Real Estate Inv. Trust, Inc., Civ. Action No. 1:07-CV-862-CAP, 2008 WL 2302679 at *14 (N.D. Ga. Mar. 31, 2008) (copy filed with the Memorandum as Maletta Decl. Ex. E); In re CNL Hotels & Resorts, Inc. Sec. Litig., Nos. 604CV1231ORL31KRS, 604CV1341ORL19JGG, 2005 WL 2219283 at *5 n.18 (M.D. Fla. Sept. 13, 2005) (similar) (Maletta Decl. Ex. C).

Plaintiffs' only other attempt to establish demand futility within the Werbowsky framework is their argument that, in light of the short statute of limitations applicable to the Funds' claims against PricewaterhouseCoopers, "[d]elay would have potentially resulted in

---

[4] Contrary to plaintiffs' erroneous footnote argument, Opp. 38 n.29, a director may be deemed an "interested person" under the "material business relationship" prong of ICA § 2(a)(19) only if the SEC declares that such a relationship exists. See 15 U.S.C. 80a-2(a)(19)(vii); Olesh v. Dreyfus Corp., No. CV-94-1664, 1995 WL 500491 at *15 (E.D.N.Y. Aug. 8, 1995) (Maletta Decl. Ex. A); Block v. SEC, 50 F.3d 1078-82 (D.C. Cir. 1995). That has not occurred here.

5

irreparable harm to the Funds." Opp. 6. See also Opp. 44-45 (similar). This argument is not supported by any allegation in the Complaint and thus, under Rule 23.1, may not be considered in the context of the present motion. See, e.g., Frederico, Bridgeport Music, Inc., Hillson, supra. In any event, any supposed concern for a statute of limitations issue would not be a basis for eliminating the demand requirement. See generally 2 ALI Principles of Corporate Governance § 7.03(b) (1994) (where plaintiff seeks to have demand excused based on potential for irreparable harm to the corporation, such excuse is temporary and "demand should be made promptly after commencement of the action").

Plaintiffs additionally suggest that Werbowsky – the controlling decision of Maryland's highest court – is simply irrelevant on the basis that Werbowsky "addresses an affirmative decision by the board" whereas this case supposedly involves "board inaction in the face of actionable knowledge." Opp. 28. See also Opp. 30-31 (same). This is a distinction without a difference under Maryland law given that Werbowsky clearly establishes a demand futility standard applicable in all cases. Werbowsky, 766 A.2d at 144 (demand futility exception is "very limited" and may be applied "only" in the two narrow circumstances outlined by the court).[5]

---

[5] Plaintiffs' argument apparently is based on the premise that Delaware applies a different standard for demand futility depending on whether the plaintiff is challenging (1) a transaction that the board approved (in which case demand is generally excused if either the board is interested or the transaction does not qualify for the business judgment rule), or (2) a transaction that does not involve a specific decision of the board of directors (in which case, only a lack of board independence excuses demand). Compare Aronson v. Lewis, 473 A.2d 805, 814 (Del. 1984) with Rales v. Blasband, 634 A.2d 927, 933 (Del. 1993). By contrast, Werbowsky makes clear that the validity of the underlying business decision has nothing to do with the demand futility analysis in any case. Werbowsky, 766 A.2d at 143-44 (court was not "disposed . . . to adopt in full the Delaware approach," and sought to avoid "injecting into a preliminary proceeding issues that go more to the merits of the complaint – whether there was in fact, self-dealing, corporate waste, or a lack of business judgment").

6

## II. The Complaint Includes No Allegations Regarding Futility of Demand on the Shareholders

The Opposition advances various reasons why plaintiffs believe that demand on the shareholders should not be required.  Opp. 52-54.  Once again, however, it is unnecessary for the Court to reach these arguments, as plaintiffs' contentions regarding shareholder demand are raised for the first time in their Opposition and are unsupported by any allegations in the Complaint.  See, e.g., Frederico, Bridgeport Music, Inc., Hillson, supra.  Accord Bell v. Arnold, 487 P.2d 545, 548 (Colo. 1971) (declining to determine whether fact of corporation's 26,000 stockholders excuses demand because plaintiff did not plead the number of stockholders as an excuse).

## III. The Sole Claim Against the Independent Directors Fails to State a Claim

Plaintiffs' citation to the Complaint's conclusory allegations that the Independent Directors acted "intentionally, in bad faith, with gross negligence or reckless disregard," Opp. 56, does not satisfy the requirement in Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937 (2009), that a plaintiff plead sufficient *facts* to plausibly support such a claim.  As a review of the proffered paragraphs of the Complaint confirms, rather than facts, plaintiffs rely on conclusory allegations to the effect that unidentified defendants "knew or should have known" or were "reckless."  These conclusory and undifferentiated allegations do not support a claim, particularly one that turns on an individual's knowledge or state of mind.  Id. at 1950-51.

## **CONCLUSION**

For the foregoing reasons, the action should be dismissed.

DATED this 18th day of September 2009.

                                            Respectfully submitted,

                                            /s/ Jeffrey B. Maletta
                                            Jeffrey B. Maletta (DC Bar No. 294009)
                                            Nicole A. Baker (DC Bar No. 484147)
                                            K&L GATES LLP
                                            1601 K Street, NW
                                            Washington, DC  20006-1600
                                            (202) 778-9000
                                            jeffrey.maletta@klgates.com
                                            nicole.baker@klgates.com

                                            *Attorneys for Jack R. Blair, Albert C. Johnson, James Stillman R. McFadden, W. Randall Pittman, Mary S. Stone, and Archie W. Willis, III*

8

**CERTIFICATE OF SERVICE**

  I hereby certify that on September 18, 2009, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or serve the following via U.S. Mail:

| | |
|---|---|
| **APPERSON, CRUMP & MAXWELL, PLC**<br>CHARLES D. REAVES<br>JEROME A. BROADHURST<br>600 Poplar Avenue, Suite 400<br>Memphis, TN 38119-3972 | **KIRKLAND & ELLIS, LLP**<br>TIMOTHY DUFFY, ESQ.<br>EMILY NICKLIN, ESQ.<br>KRISTOPHER RITTER, ESQ.<br>200 East Randolph Drive<br>Chicago, IL 60601 |
| **HEAD, SEIFERT & VANDER WEIDE, P.A.**<br>VERNON J. VANDER WEIDE<br>THOMAS V. SEIFERT<br>333 South Seventh St., Suite 1140<br>Minneapolis, MN 55402-2422 | **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**<br>LEO BEARMAN, ESQ.<br>EUGENE PODESTA, ESQ.<br>165 Madison Avenue<br>First Tennessee Building<br>Memphis, TN 38103 |
| **LOCKRIDGE GRINDAL NAUEN PLLP**<br>RICHARD A. LOCKRIDGE<br>GREGG M. FISHBEIN<br>100 Washington Avenue South, Suite 2200<br>Minneapolis, MN 55401 | **ZIMMERMAN REED, P.L.L.P.**<br>CAROLYN G. ANDERSON<br>TIMOTHY J. BECKER<br>651 Nicollet Mall, Suite 501<br>Minneapolis, MN 55402 |
| **BASS BERRY & SIMS PLC**<br>MICHAEL L. DAGLEY<br>MATTHEW M. CURLEY<br>W. BRANTLEY PHILLIPS JR.<br>325 Deaderick Street, Suite 2700<br>Nashville, TN  37238 | **SUTHERLAND ASBILL & BRENNAN, LLP**<br>S. LAWRENCE POLK<br>99 Peachtree Street, NE<br>Atlanta, GA  30309 |
| **MAYNARD COOPER & GALE PC**<br>PETER S. FRUIN<br>24 Regions Harbert Plaza<br>1901 Sixth Avenue North<br>Birmingham, AL  35203 | **SULLIVAN & CROMWELL LLP**<br>DAVID B. TULCHIN<br>DAVID E. SWARTS<br>125 Broad Street<br>New York,  NY 10004 |

| | |
|---|---|
| **BASS BERRY & SIMS PLC** <br> SHEPHERD D. TATE <br> MICHAEL A. BRADY <br> 100 Peabody Place, Suite 900 <br> Memphis, TN  38103 | **PAUL, HASTINGS, JANOFSKY & WALKER LLP** <br> KEVIN C. LOGUE <br> ASA R. DANES <br> 75 East 55th Street <br> New York, NY  10022 |

                                              /s/ Jeffrey B. Maletta