IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

_____
                                    )
IN RE REGIONS MORGAN KEEGAN         )   MDL Docket No. 2009
SECURITIES, DERIVATIVE and ERISA    )
LITIGATION                          )
                                    )
This Document Relates to:           )
                                    )
*Landers v. Morgan Asset Management,* )
*Inc.*, No. 2:08-cv-02260-SMH-dvk    )
_____)

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF
ALLEN B. MORGAN, JR., J. KENNETH ALDERMAN, JOSEPH C. WELLER, J.
THOMPSON WELLER, CHARLES D. MAXWELL, JAMES C. KELSOE, JR., DAVID H.
TANNEHILL, DAVID M. GEORGE, MICHELE F. WOOD, AND BRIAN SULLIVAN**

Defendants Allen B. Morgan, Jr., J. Kenneth Alderman, Joseph C. Weller, J. Thompson Weller, Charles D. Maxwell, James C. Kelsoe, Jr., David H. Tannehill, David M. George, Michelle F. Wood, and Brian Sullivan (collectively, the "Individual Defendants"), respectfully submit this memorandum in further support of their motion to dismiss and in reply to Plaintiffs' opposition.[1]

**PRELIMINARY STATEMENT**

Plaintiffs offer no substantive rebuttal to any of Defendants' arguments contained in the various motions to dismiss pending before this Court. Instead, they moot their own case by stating that they have made demand on the new board, reiterate their now-inconsistent and misguided arguments that controlling Maryland demand futility law does not apply to their Complaint, and ignore an exculpatory provision that requires the dismissal of Plaintiffs' claims against the Individual Defendants outright.

---

[1] The Individual Defendants adopt and incorporate the arguments in the reply memoranda filed by the other Defendants in this action.

## ARGUMENT

**I.  The issue of demand futility has been mooted by Plaintiffs' demand on the new directors.**

A demand on the board automatically moots the issue of demand futility. Under Maryland law, "[b]y making a demand, the shareholders are deemed to have waived any claim they might otherwise have had that the board cannot act independently on the demand." Bender v. Schwartz, 917 A.2d 142, 152 (Md. App. 2007) (Scattered Corp. v. Chicago Stock Exch., Inc., 701 A.2d 70, 74 (Del. 1997) (internal quotation marks omitted)). Here, Plaintiffs have clearly stated that "demand was made on the New Directors." (Pls.' Opp. 46-47.) Therefore, the only claim available to Plaintiffs is one that demand was wrongfully refused. Plaintiffs' Complaint contains no such allegations and it must be dismissed. See Johnson v. Metro. Gov't of Nashville and Davidson County, 2008 WL 3163531, *6 (M.D. Tenn. Aug. 4, 2008) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quotation marks omitted).

**II.  Plaintiffs cannot defend their failure to make demand on the board.**

Plaintiffs do not attempt to argue demand futility under the allegations as pleaded in their Complaint. Rather, they improperly attempt to submit additional "demand futility" allegations in their opposition brief and invite the Court to adopt an incorrect legal standard in evaluating the issues before this Court. See, e.g., Washtenaw County Employees' Ret. Sys. v. Wells Real Estate Inv. Trust, Inc., 2008 WL 2302679 at *14 (N.D. Ga. Mar. 31, 2008) (rejecting the only authority cited by Plaintiffs in favor of their demand futility arguments). Finally, Plaintiffs decline to address the key Maryland statute which conclusively dictates that at the time Plaintiff filed suit, a majority of the Funds' board was disinterested for purposes of considering a demand. See Md. Code Ann., Corps. & Ass'ns § 2-405.3 (providing that any director deemed "independent" for purposes of the ICA is also "deemed to be independent and disinterested when making any determination or taking any action as a director," which necessarily includes considering demand).

### III. <u>Plaintiffs fail to state a claim against the Individual Defendants.</u>

The exculpatory provision contained in Section 11.1 of the Funds' Articles of Incorporation insulates the Individual Defendants from liability to the maximum extent permitted by federal and Maryland law. Plaintiffs concede that they must adequately plead "willful misfeasance, bad faith, gross negligence or reckless disregard of the duties involved in the conduct of his office" in order to state a claim. <u>See</u> ICA § 17(h); <u>see</u> also Md. Code Ann. § 2-405.2; 5-418 (requiring a showing of "active and deliberate dishonesty"). They have not done so here. Rather, Plaintiffs offer the conclusory assertion that the Individual Defendants acted "intentionally, in bad faith, with gross negligence or reckless disregard," (Pls.' Opp. at 56), and provide no facts to support this allegation. The United States Supreme Court recently made clear that such unsubstantiated, "alternative" theories of pleading are insufficient, especially where they relate to Defendants' state of mind. <u>See</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950-51 (2009) (rejecting the conclusory allegations at issue as sufficient to state a claim). Plaintiffs' claims against the Individual Defendants, therefore, must be dismissed.

### CONCLUSION

For the reasons set forth herein, the Individual Defendants respectfully request that the Court dismiss this action.

DATED this 18th day of September 2009.

3

         Respectfully submitted,


         /s/ S. Lawrence Polk
         S. Lawrence Polk
         SUTHERLAND ASBILL &
         BRENNAN, LLP
         999 Peachtree Street NE
         Atlanta, GA 30309
         (404)853-8225
         larry.polk@sutherland.com

         *Attorney for the Individual Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2009, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

| | |
|---|---|
| **APPERSON, CRUMP & MAXWELL, PLC**<br>CHARLES D. REAVES<br>JEROME A. BROADHURST<br>600 Poplar Avenue, Suite 400<br>Memphis, TN 38119-3972 | **KIRKLAND & ELLIS, LLP**<br>TIMOTHY DUFFY, ESQ.<br>EMILY NICKLIN, ESQ.<br>KRISTOPHER RITTER, ESQ.<br>300 North LaSalle<br>Chicago, IL 60654 |
| **HEAD, SEIFERT & VANDER WEIDE, P.A.**<br>VERNON J. VANDER WEIDE<br>THOMAS V. SEIFERT<br>333 South Seventh St., Suite 1140<br>Minneapolis, MN 55402-2422 | **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**<br>LEO BEARMAN, ESQ.<br>EUGENE PODESTA, ESQ.<br>165 Madison Avenue<br>First Tennessee Building<br>Memphis, TN 38103 |
| **LOCKRIDGE GRINDAL NAUEN PLLP**<br>RICHARD A. LOCKRIDGE<br>GREGG M. FISHBEIN<br>100 Washington Avenue South, Suite 2200<br>Minneapolis, MN 55401 | **K&L GATES LLP**<br>JEFFREY B. MALETTA, ESQ.<br>NICOLE A. BAKER, ESQ.<br>1601 K Street, NW<br>Washington, D.C.  20006-1600 |
| **ZIMMERMAN REED, P.L.L.P.**<br>CAROLYN G. ANDERSON<br>TIMOTHY J. BECKER<br>651 Nicollet Mall, Suite 501<br>Minneapolis, MN 55402 | **SULLIVAN & CROMWELL LLP**<br>DAVID B. TULCHIN<br>DAVID E. SWARTS<br>125 Broad Street<br>New York, New York 1004 |
| **BASS BERRY & SIMS PLC**<br>MICHAEL L. DAGLEY<br>MATTHEW M. CURLEY<br>W. BRANTLEY PHILLIPS, JR.<br>315 Deaderick Street<br>Nashville, TN 37238 | **BASS BERRY & SIMS PLC**<br>SHEPHERD D. TATE<br>MICHAEL A. BRADY<br>100 Peabody Place, Suite 900<br>Memphis, TN 38103 |


| **MAYNARD COOPER & GALE PC** | **PAUL HASTINGS JANOFSKY &** |
|---|---|
| PETER S. FRUIN | **WALKER LLP** |
| 2400 Regions Harbert Plaza | Kevin C. Logue |
| 1901 Sixth Avenue North | Asa R. Danes |
| Birmingham, AL 35203 | Park Avenue Tower |
| | 75 E. 55th Street |
| | First Floor |
| | New York, NY 10022 |

                                          /s/ S. Lawrence Polk