**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**MEMPHIS DIVISION**

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE and ERISA LITIGATION<br><br>This Document Relates to:<br>*Landers* v. *Morgan Asset Management, Inc.*, No. 2:08-cv-02260-SMH-dvk | MDL Docket No. 2009<br><br>Judge Samuel H. Mays, Jr.<br><br>Magistrate Judge Diane K. Vescovo |

# DERIVATIVE PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED DERIVATIVE COMPLAINT

Derivative Plaintiffs ("Plaintiffs")[1] on behalf of Morgan Keegan Select Fund, Inc. ("Company") and its three portfolios,[2] submit this memorandum of law in response to certain of the Defendants'[3] Motion to Strike Plaintiffs' First Amended Derivative Complaint ("Amended Complaint").

---

[1] Plaintiffs are H. Austin Landers, Jeanette H. Landers, Charles M. Crump, Diana W. Crump, James H. Frazier, Lloyd R. Thomas, M.D., James P. Whitaker and Peggy C. Whitaker.

[2] These portfolios are Regions Morgan Keegan Select Short Term Bond Fund ("Short Term Fund"), Regions Morgan Keegan Select Intermediate Bond Fund ("Intermediate Fund"), and Regions Morgan Keegan Select High Income Fund ("High Income Fund") ("the Funds"), whose names have since changed to reflect their new investment adviser.

[3] Defendants Blair, Johnson, McFadden, Pittman, Stone, Willis, Morgan, Alderman, Joseph C. Weller, J. Thompson Weller, Maxwell, Kelsoe, Tannehill, George, Wood, Sullivan, Regions Financial Corporation, Morgan Keegan & Co., Inc, Morgan Asset Management, Inc, MK Holding, Inc., and PricewaterhouseCoopers filed this Motion to Strike. Significantly, the Nominal Defendants (the Funds themselves), whose new board of directors now control this action (see Docket. Nos. 40 at 5, 44 at 5), *have not joined in this motion*.

## INTRODUCTION

On March 28, 2008, Plaintiffs, who collectively invested $2.6 million in the Funds, filed this action on behalf of the Company/Funds against Defendants for breach of contract, breach of fiduciary duty, negligence and negligent misrepresentation involving the waste and mismanagement of the Funds' assets. Some of the Defendants in this action have moved to strike Plaintiffs' Amended Complaint, complaining that it is too long and should have been filed as a supplemental pleading.

Federal Rule of Civil Procedure 8(a)(2), however, requires that Plaintiffs provide a short and plain statement of their *claims*. There is nothing in Rule 8(a)(2) that mandates a short *complaint*. This is a complex case, involving multiple defendants and three separate Funds. And as discussed below, the Supreme Court has made it clear that complaints must be comprehensive and specific. Indeed, in their motions to dismiss, Defendants repeatedly attacked Plaintiffs' original Derivative Complaint as "conclusory." Now, in a parody of the Goldilocks tale, Defendants complain that the Amended Complaint is too detailed and provides too much information about the claims against them.

Additionally, Defendants fault Plaintiffs for filing an Amended Complaint as of right under the Federal Rules. Plaintiffs, however, are clearly entitled to file their Amended Complaint under Federal Rule of Civil Procedure 15(a)(1)(A), as no responsive pleading has yet been filed in this case. Defendants' motion is meritless.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendants have not filed an answer to Plaintiffs' Derivative Complaint ("Complaint"). Instead, Defendants filed motions to dismiss. In their opening brief, Defendants argued that Plaintiffs' Complaint should be dismissed because Plaintiffs failed to make a demand, because the Complaint's allegations were "conclusory" and because the action was not timely under various applicable statutes of limitation. *See* Docket Nos. 24-2 at 2, 10, 18-19; 25-2 at 2; 26-2 at 6; 27-2 at 7.

In response to Defendants' argument that Plaintiffs failed to make a demand under Maryland law, Plaintiffs argued that demand was in fact made upon the Company and its new directors in July 2008 and thereafter. In their replies, certain of the Defendants admitted (or declined to dispute) that Plaintiffs did in fact make such a demand. *See* Docket Nos. 40 at 1; 41 at 2; 42 at 2; 45 at 1-2. But, Defendants argued, Plaintiffs' Derivative Complaint failed to include allegations of demand made, and that such allegations must be set forth in a Complaint. Docket Nos. 40 at 1, n. 2; 45 at 2.

Partially in response to Defendants' position, and as a result of continued investigation of the claims and facts at issue, Plaintiffs filed their Amended Complaint on October 13, 2009, pursuant to Federal Rule of Civil Procedure 15(a)(1)(A). The additions in the Amended Complaint fall into the following seven categories, five of which relate to facts that existed at the time the original Complaint was filed:

- Additional support for the illiquidity allegations, including liquidity risk disclosures made in prospectuses for the securities purchased by the Funds and therefore known to Defendants: ¶¶ 131, 134-140, 143-47, 149-50, 153-60 (18 pages);[4]

- New allegations regarding the credit risk embedded in the Funds' securities purchased by the Funds based on the disclosures in the prospectuses for such securities and therefore known to Defendants: ¶¶ 260-78 (41 pages);

- New allegations regarding Regions Financial's knowledge in 2006 that the subprime market was on the verge of collapse: ¶¶ 250-59 (2 pages);

- New allegations regarding Morgan Asset Management's (MAM) reliance on a Florida broker/dealer and Defendant Kelsoe's admission that the securities purchased for the Funds from that broker/dealer were illiquid and the concerns of some at MK upon learning of Kelsoe's reliance on the Florida broker/dealer regarding the safety of their investments in the Funds, their acting on those concerns by redeeming their shares in the Funds, and MK's directive to stop such redemptions out of a concern the word would spread that the Funds are not safe: ¶¶ 279-307 (6 pages);

- New allegations regarding the intertwined organizational and contractual relationships between MK, MAM, Regions Bank, and Regions Financial: ¶¶ 537-59 (11 pages);

- Expanded and new allegations regarding why demand was excused as futile or irrelevant: Regions Bank's conflict of interest (¶¶ 581-89) (2 pages)[5]; *ultra vires* conduct (¶¶ 613-15); the Funds have been liquidated (¶¶ 616-18); the Funds do not have a validly elected board (¶¶ 622-32) (6 pages);

- Added the claim that demand was made on the new board, in response to Defendants' assertions that the demand made by Plaintiffs on the New Directors can be considered by the Court only if alleged in a complaint: ¶¶ 633-77 (14 pages).

Thus, the Amended Complaint added five new claims: Counts VI (negligence re

---

4 Paragraph ("¶") references are to the Amended Complaint.

5 While the fact of Regions Bank's conflict of interest predated the filing of the Complaint, the Alabama probate court order that Plaintiffs believe is an admission of this conflict was issued after the filing of the Complaint.

MAM), XII (*ultra vires* conduct), XIII (violations of ICA), and XIV and XV (Maryland Securities Act): ¶¶ 759-72, 837-70. The Amended Complaint also added Investment Company Act statutory policies relevant to this case: ¶¶ 560-61.

Contrary to Defendants' assertion, the Amended Complaint does *not* "largely concern events that occurred ***after*** the filing of Plaintiffs' initial complaint. *See* Defs.' Mem. in Supp. Mot. to Strike at 6 (emphasis in original). In fact, because 104 of the 169 new paragraphs and 78 of the 100 new pages of the Amended Complaint relate to facts that existed on or before March 28, 2008, the new allegations "largely" concern events that occurred *before* the filing of the initial complaint.

## ARGUMENT[6]

### I. Standard of Review

[6] Rule LR7.2(a)(1)(B) of the Local Rules of this district provides that all motions other than motions filed pursuant to Federal Rules of Civil Procedure 12, 56, 59, and 60 must be accompanied by a certificate of counsel affirming that the moving party consulted with the opposing party to resolve the issues involved in the motion. Failure to attach this certificate may be deemed good grounds for denying the motion. *See Johnson v. Hensley*, 62 Fed. Appx. 85, 86-87 (6th Cir. 2003); *Smith v. Memphis City Schools*, 2006 WL 3813740, at *1 n.1 (W.D. Tenn. Dec. 27, 2006) (Broadhurst Decl. Ex. A); *Pickering, Inc. v. Johnson*, 2004 WL 2905386, at *1 (W.D. Tenn. May 19, 2004) (Broadhurst Decl. Ex. B); *Miller ex rel. Miller v. Dacus*, 2004 WL 2905393, at *1 (W.D. Tenn. May 10, 2004) (Broadhurst Decl. Ex. C); *Hall v. Northwest Airlines*, 2004 WL 179311, at *3 (W.D. Tenn. Jan. 6, 2004) (Broadhurst Decl. Ex. D); *Corporate Express Office Prod., Inc. v. Warren*, 2002 WL 1988158, at *1 (W.D. Tenn. May 20, 2002) (Broadhurst Ex. E); *Monsanto Co. v. Trantham*, 156 F. Supp. 2d 855, 861 (W.D. Tenn. 2001). Defendants did not file the required Certificate of Consultation. Accordingly, Defendants' motion should be denied for failure to comply with Rule 7.2(a)(1)(B).

Federal Rule of Civil Procedure 12(f) provides that a court may, on its own or upon the motion of a party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." It is well settled, however, that motions to strike are greatly disfavored. Striking a pleading is considered "a drastic remedy to be resorted to only when required for the purposes of justice," and it "should be sparingly used by the courts." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). A motion to strike should be granted "only when the pleading to be striken [sic ] has no possible relation to the controversy." *Id. See also, Brown v. Broadcasting Bd. Of Governors*, 2009 WL 2704586, at *9 (D.D.C. Aug. 28, 2009) ("striking pleadings is an extreme and disfavored remedy") (Broadhurst Decl. Ex. F); *Ciralsky v. C.I.A.*, 355 F.3d 661, 669 (D.C. Cir. 2004); *Forschner Group v. B-Line A.G.*, 943 F. Supp. 287, 291-92 (S.D.N.Y. 1996) (motions to strike are disfavored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter).

## II. Plaintiffs' Amended Complaint Complies With Rule 8 of the Federal Rules of Civil Procedure

### A. Plaintiffs' Amended Complaint Serves Its Function To Provide Notice Under Rule 8(a)(2)

Federal Rule of Civil Procedure 8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 further provides that "each allegation must be simple, concise and direct." Fed. R. Civ. P. 8(d)(1). Nothing in Rule 8 requires that a pleading be

short. The rule simply requires a short and plain statement of the *claim* and provides that each *allegation* should be concise.

As another court in this district recently ruled in denying the defendants' motion to strike for length in *Trew v. American Institute of Intradermal Cosmetics, Inc*., 2005 WL 1079316, at *1 (W.D. Tenn. May 3, 2005) (Broadhurst Decl. Ex. G), Rule 8 mandates short and plain statements of *claims*, not *short complaints. See also*, Alan Wright & A. Miller, Federal Practice and Procedure § 1217 ("[I]t should be noted that Rule 8(a)(2) speaks of a short and plain statement of each claim, not a short and plain pleading."); *Ciralsky*, 355 F.3d at 670 ("After all, Rule 8 does not require a "short and plain *complaint,*" but rather a 'short and plain statement of the *claim*.'" (emphasis in original).

In *Trew*, Judge Breen surveyed the case law on motions to strike complaints for length and concluded that courts only find violations of Rule 8 where "each count is replete with factual allegations that could not possibly be material to that specific count;" "allegations that are material are buried beneath innumerable pages of rambling irrelevancies," or where the complaint is unintelligible . . .unclear . . . fail[s] to provide adequate notice of the Plaintiff's claims, or [ ] is frivolous on its face." (internal citations omitted). *See also, Ciralsky,* 355 F.3d at 670-71 (no violation of Rule 8 where the complaint, though long, was not claimed to be unclear, lacking in notice, or frivolous on its face).

Defendants do not claim that Plaintiffs' Amended Complaint is confusing, contains irrelevant facts, that its counts are overly long, or that it fails to serve the

purpose of Rule 8—to provide notice of claims. The closest Defendants come to making such an argument is their charge that the Amended Complaint is "confusingly organized." Defs' Mot. To Strike at 4. However, Defendants are not entitled to serve as editors of Plaintiffs' Complaint.

Defendants complain that they have been provided with "too much" information about the claims and bases for the claims against them. However, Plaintiffs' Amended Complaint serves its Rule 8 function—it gives Defendants appropriate notice of the claims against them. *See, Atwood v. Humble Oil & Ref. Co*., 243 F.2d 885, 888 (5th Cir. 1957), cert. denied 355 U.S. 829 ("brevity does not rank in importance with the right and duty of a litigant to present his demands through the counsel of his own choosing and in a style and form of expression that represents the attorney's honest effort to present the claims according to his own notions of their merits.").

Defendants cite *Silvas v. GMAC Mortgage, LLC*, 2009 WL 1098462 (D. Ariz. Apr. 23, 2009) (Broadhurst Decl. Ex. H), but that case has no relevance here. In *Silvas* the court noted that the problem with the *pro se* plaintiff's complaint was that it appeared to be directed at the entire mortgage industry and did not inform the specific defendants of the specific acts for which they were allegedly liable. *Id*. at *3. Here, Plaintiffs have taken great care and effort to develop the facts of this case, and have clearly set forth why and how each defendant is liable.

### B. This Is A Complex Action, Requiring Detailed Factual Allegations

It is important to note the complexity of this case. It involves multiple Defendants and three mutual funds that each issued its own securities, with their own investment objectives and disclosures. In addition, the case involves an auditor defendant subject to multiple auditing standards. As Federal Practice and Procedure states:

> The pleadings in a case involving a single plaintiff, a single defendant, and one transaction usually will be much shorter and simpler than the pleadings in a case involving several plaintiffs, numerous defendants, and more than one transaction. In this connection, it should be noted that Rule 8(a)(2) speaks of a short and plain statement of each claim, not a short and plain pleading. Hence, in the context of a multiparty, multiclaim complaint each claim should be stated as succinctly and plainly as possible even though **the entire pleading may prove to be long and complicated by virtue of the number of parties and claims**.

*Federal Practice and Procedure* § 1217 (emphasis added).

Other courts considering cases similar to this one have permitted longer complaints.[7] The Consolidated Amended Class Action Complaint sustained in the recent securities action against Countrywide Financial as a result of the subprime crisis totaled 415 pages. *In re Countrywide Financial Securities Litigation*, 07-CV-05295 (C.D. Cal, April 6, 2008) (Docket No. 186). In *In re Global Crossing,*

[7] Defendants cite *Gora v. Gelabert*, 2009 WL 3233849 (W.D. Mich. Sept. 30, 2009) (Broadhurst Decl. Ex. I). *Gora*, however, specifically states that "[w]hat constitutes a short and plain statement must be determined in each case on the basis of the nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters." *Id.* at *9 (citing *Federal Practice and Procedure* § 1217, at 240-41).

*Ltd. Securities Litigation*, 313 F.Supp.2d 189, 212 (S.D.N.Y. 2003), which was decided before the Supreme Court's revision of Rule 8 in *Bell Atlantic Corporation v. Twombly* and *Ashcroft v. Iqbal* (discussed *supra*), the court denied defendants' motion to dismiss for length:

> Plaintiffs appropriately have chosen to join a large number of claims against a large number of defendants, based on a number of different theories and securities offerings, since those claims all arise out of the same underlying alleged accounting fraud, which itself is quite complex. It is perfectly understandable, particularly in light of Rule 9(b)'s requirement that fraud be alleged with particularity, that plaintiffs have erred on the side of detail and prolixity in an effort to explain the facts from which their claims emerge. A motion to dismiss is a vehicle for testing the legal sufficiency of plaintiffs' claims, and not a device for editing their prose.

Each of the three Funds in this action had its own investment objective, and policies, although all three projected a common theme of safety and stability. *See, e.g.*, ¶¶ 10, 78-94, 312, 315, 317. The Funds were subject to the same investment restrictions and to a common investment scheme that violated these restrictions that varied only in degree as between the Short Term Fund, on the one hand, and the High Income and Intermediate Funds, on the other. *Id.*; *see also e.g.*, ¶¶ 68-70, 96-163, 202-08, 210-43 260-307. [8] Although the Funds shared many common disclosures, some disclosures varied according to Fund. *Id.*; *see also e.g.*, ¶¶ 80-94, 164-66, 191-97, 467-74. This complexity makes this case somewhat different

---

[8] Defendants complain that the Amended Complaint contains repetitious allegations regarding the Funds' performance. This criticism is without merit. These allegations measure the Funds' performance against their respective peer groups over periods ending on three different dates (December 31, 2007, February-April 2008, October 31, 2008) using different metrics. ¶¶ 96-111.

from the typical derivative action, as it involves three separate and distinct Funds that are treated as though they are separate corporations, rather than a single corporation.[9]

Furthermore, while the period at issue in this case is primarily mid-2006 through early 2008, the Funds' performances, disclosures and other matters (e.g., material contracts) preceding and following this period are also relevant.

The Amended Complaint sets out facts gleaned from approximately:

- 3500 pages of the Funds' prospectuses, statements of additional information, and annual, semi-annual, and quarterly reports;
- 1240 pages of the RMK closed-end funds annual, semi-annual, and quarterly reports;
- 49,000 pages of prospectuses and other SEC filings relating to the investments made by the Funds;
- 500 pages of Regions Financial's materials;
- 400 pages of guidance for auditors who audit the financial statements of registered investment companies; and
- 250 Internet and print media articles.

Defendants argue that ¶ 165 (excerpts of Funds' valuation disclosures) is too long. However, this paragraph sets forth the specific valuation disclosures that Plaintiffs contend are false and misleading, as Plaintiffs are required to do. Paragraph 167 then links the valuation disclosures in ¶ 165 to specified omissions. Defendants likewise protest the length of the excerpts from prospectuses of the

---

9 This also results in some necessary repetition to ensure that each of the factual allegations is connected to each of the separate Funds, as relevant. *See, e.g., Ind. State Dist. Council of Laborers v. Omnicare, Inc.*, 583 F.3d 935, 944-45 (6th Cir. 2009) (Affirming dismissal, court found it significant that plaintiffs failed to include certain quoted material in plaintiffs' complaint regarding loss causation "in the section of the complaint dealing with Part D, but rather in a discussion of loss causation relating to various government raids.").

Funds' portfolio securities, *the very investments purchased by the Funds* (¶¶ 271-74).[10] However, these excerpts disclose the known but undisclosed (to the Funds' investors) risks embedded in the underlying portfolio securities, and therefore in the Funds.[11] Defendants also contend that ¶¶ 312-14 do not tie the misrepresentations or omissions to a specific filing. That is incorrect; they do. The lead-in for ¶ 312 identifies the disclosure documents as "the Fund's registration statements or amendments thereto, including prospectuses and statements of additional information, and in annual and semi-annual reports and other documents filed with the SEC during the period relevant herein and in sales materials and other sources of information for which the RMK Defendants were responsible," and those materials are further identified elsewhere in the complaint in support of specific defective disclosures.[12] *See, e.g.,* ¶¶ 67, 82-94, 112-16, 165, 191, 203-06, 213, 219-21, 322, 324, 332-33, 340, 467, and 469.

---

[10] Contrary to Defendants' assertion (Dkt. No. 49-2 at 7 n. 2) that these excerpted disclosures come from a single "reprinted prospectus of a security in which the Funds' [sic] allegedly invested," these excerpts come from many separate prospectuses for many different securities but are representative of the disclosures in all such prospectuses, in all of which securities the Funds actually invested, as alleged. ¶ 271.

[11] If Plaintiffs sought to paraphrase these disclosures, Defendants would likely attack the allegations as being incomplete and taken out of context. The enormity of these risks and the clarity of the disclosures conclusively establish the director Defendants' knowledge thereof, as it was their job to read them and they presumably did so. *See, e.g.*, *Werbowsky v. Collomb*, 766 A.2d 123, 144 (Md. 2001) ("Directors are presumed to act properly and in the best interest of the corporation.").

[12] The same is true regarding ¶ 315 regarding the Intermediate Fund and ¶ 317 regarding the Short Term Fund.

Defendants are likewise critical of Plaintiffs' allegations against Defendant PwC. ¶¶ 345-530. However, complaints alleging malpractice and misrepresentation against accountants should be detailed and specific as to the applicable generally accepted accounting principles ("GAAP") and generally accepted auditing standards ("GAAS") and underlying rules at issue.[13] *See, e.g.*, *Ades v. Deliotte & Touche*, 1991 WL 126043, at *2-3 (S.D.N.Y. July 3, 1991) (Broadhurst Decl. Ex. J). This means, in the absence of paraphrasing complicated rules, principles and standards that would then be attacked as inaccurate or out of context or incomplete, setting them out verbatim.

### C. The Supreme Court's Recent Rule 8 Decisions Suggest That Detailed Factual Allegations Are Required

The Supreme Court recently introduced some uncertainty as to pleading in compliance with Rule 8. Given the decisions in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*, Plaintiffs must be careful to ensure that their Amended Complaint is compliant.

Most recently in *Ashcroft v. Iqbal*, the Supreme Court held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability

13 What Defendants label "conclusory allegations regarding Defendant PwC's knowledge" (Docket. No. 49-2 at 4) refer to specific recitations of the voluminous professional standards and SEC rules that instructed PwC, as an expert and auditor of the Funds' financial statements, as to what it was *required to know and to do.* ¶¶ 363-466.

> requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

*Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

Earlier, in *Bell Atlantic v. Twombly*, the Supreme Court held that a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. 544, 555, (2007). *Twombly* further states that "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. at 556, n. 3.

Given the uncertainty as to what facts are "merely consistent with" liability as opposed to creating a "reasonable inference" of liability and the emphasis on notice, Plaintiffs must choose to err on the side of caution and plead comprehensively and with as much specificity as possible. Otherwise, Defendants would likely argue that Plaintiffs' facts are just consistent with liability, but that liability could not be inferred from this consistency or that Plaintiffs' Amended Complaint is conclusory (which Defendants repeatedly argued regarding Plaintiffs first Complaint). *See, infra* at 3. Accordingly, Plaintiffs' Amended Complaint is comprehensive to ensure compliance with the Supreme Court's rulings in

*Twombly* and *Iqbal*. Finally, Plaintiffs note that Federal Rule of Civil Procedure 23.1 requires Plaintiffs to plead demand facts or demand futility with particularity.

### D. Plaintiffs May Plead In The Alternative

Defendants also suggest that Plaintiffs' Amended Complaint is problematic because of purportedly inconsistent demand allegations. Defs.' Mem. in Supp. Mot. to Strike at 1-2.[14] The Federal Rules of Civil Procedure explicitly provide for alternative pleading. Fed. R. Civ. P. 8(d)(2) ("A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones . . . A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds . . ."); *see also Trew*, 2005 WL 1079316, at *1.

## II. Plaintiffs Are Entitled to Amend Under Rule 15(a) of the Federal Rules of Civil Procedure

Rule 15(a) of the Federal Rules of Civil Procedure is titled, "Amendments Before Trial." It provides that a party may amend its pleading "once as a matter of course" before being served with a responsive pleading. FED. R. CIV. P. 15(a)(1)(A).

Defendants did not file an answer in this matter but instead moved to dismiss. A motion to dismiss is not a responsive pleading and Defendants do not

[14] Plaintiffs allege that demand was excused as to the Company/Funds former board of directors (¶¶ 562-609), demand was made on the Company's current board of directors but they failed to timely respond (¶¶ 633-77), and demand is irrelevant (¶¶ 610-32).

contend otherwise. *Carbon Processing and Reclamation, LLC v. Valero Marketing and Supply Co.*, 2009 WL 2369298, at *1-2 (W.D. Tenn. July 30, 2009) (Broadhurst Decl. Ex. K); *see also Youn v. Track, Inc*., 324 F.3d 409, 415 n. 6 (6th Cir. 2003). Thus, Plaintiffs have an absolute right to file the Amended Complaint pursuant to Rule 15(a)(1)(A). As this Court has confirmed, the filing of Plaintiffs' Amended Complaint, if allowed to stand, renders moot the original pleading and motions to dismiss. Order Granting Joint Motion for Scheduling Order, Nov. 13, 2009, Docket No. 50 at 2.

Defendants argue that because some of the added material involves events that transpired after the filing of the Amended Complaint, the entire Amended Complaint should be stricken and Plaintiffs should be required to seek leave to file under Rule 15(d), which governs supplemental pleadings.[15] Even if this were true, which it is not, the filing of the Amended Complaint should be converted into a motion to amend by the Court and considered under the standards set forth in Rule 15(a)(2). *See Harrison v. Burt*, 2008 WL 4058288, at *1 (E.D. Mich. Aug. 28, 2008) (Broadhurst Decl. Ex. L) (Where responsive pleading was served so that motion to amend as of right was no longer available, court labeled pleading supplemental and converted filing into a motion to amend); *Center for Biological*

[15] Proceeding under Rule 15(d) is appropriate where the party seeks to plead "any transaction, occurrence, or event that *happened after the date* of the pleading to be supplemented." FED. R. CIV. P. 15(d) (emphasis supplied). While the Amended Complaint contains some material involving events that happened after the Complaint was filed, much more than half of the new material in the Amended Complaint relates to facts that happened before the Complaint was filed.

*Diversity v. Kempthorne*, 2008 WL 2468454, at *2 (N.D. Cal. June 17, 2008) (Broadhurst Decl. Ex. M) ("It is not clear that Rule 15(d), rather than Rule 15(a)(1), should apply to Plaintiffs' amendment. In any event, the Court would grant Plaintiffs leave to file a supplemental complaint if such leave were required under the present circumstances.")[16]

Importantly, Defendants' Motion to Strike the portions of Plaintiffs' Amended Complaint that they consider "supplemental" *never once* raises any issue of undue delay, bad faith, dilatory motive, prejudice or futility. Defendants only protest Plaintiffs' *procedure* for adding new material, rather than asserting any *substantive* argument against allowing the additional allegations.[17]

**CONCLUSION**

Motions to strike are strongly disfavored, and Plaintiffs' Amended Complaint serves its Rule 8 purpose well—it provides Defendants with notice of claims. In addition, the Amended Complaint was properly filed pursuant to Rule

---

[16] Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Such leave should be freely given "when justice so requires." *Id.* As the Supreme Court has declared, in the absence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment, amendments should be "freely given." *Foman v. Davis*, 371 U.S. 178 182 (1962).

[17] Accordingly, Defendants may not now raise on reply any new argument purporting to challenge the substance of the new allegations (unless Plaintiffs are also granted a sur-reply to address any new arguments. *See, e.g., Intern'l-Matex Terminals-Illinois v. Chemical Bank*, 2009 WL 1651291, at *3 (W.D. Mich. June 11, 2009) (Broadhurst Decl. Ex. N).

15(a)(1)(A) as an amendment as of right. Plaintiffs respectfully request that the Court deny Defendants' Motion to Strike the Amended Complaint.

DATED: November 30, 2009

Respectfully submitted,

**APPERSON, CRUMP & MAXWELL, PLC**

*/s/ Jerome A. Broadhurst*
Jerome A. Broadhurst, TN BPR 12529
Charles D. Reaves, TN BPR 22550
6000 Poplar Avenue, Suite 400
Memphis, TN 38119-3972
Tel : 901-260-5133
Fax : 901-435-5133
jbroadhurst@appersoncrump.com

**HEAD, SEIFERT & VANDER WEIDE, P.A.**
Vernon J. Vander Weide
Thomas V. Seifert
333 South Seventh Street, Suite 1140
Minneapolis, MN 55402-2422
Tel: 612-339-1601
Fax: 612-339-3372
vvanderweide@hsvwlaw.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Richard A. Lockridge
Gregg M. Fishbein
Matthew R.Salzwedel
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
Fax: (612) 339-0981
gmfishbein@locklaw.com

**ZIMMERMAN REED P.L.L.P.**
Carolyn G. Anderson
Kirsten D. Hedberg
Patricia A. Bloodgood
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402
Tel: 612-341-0400
Fax: 612-341-0844
cga@zimmreed.com

*Attorneys for Derivative Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this 30th day of November, 2009, a true and correct copy of the foregoing served by electronic means via e-mail transmission (including the Court's ECF System) to the following:

Shepherd D. Tate, Esq.
Michael A. Brady, Esq.
**Bass, Berry, & Sims, PLC**
100 Peabody Place, Suite 900
Memphis, TN 38103-3672

Matthew M. Curley, Esq.
Michael L. Dagley, Esq.
W. Brantley Phillips, Jr.
**Bass, Berry, & Sims, PLC**
100 Peabody Place, Suite 900
Memphis, TN 38103-3672

David B. Tulchin
D. Andrew Pietro
David E. Swarts
**Sullivan & Cromwell, LLP**
125 Broad Street
New York, NY 10004

Peter J. Anderson, Esq.
S. Lawrence Polk, Esq.
**Sutherland Asbill & Brennan LLP**
999 Peachtree Street, NE
Atlanta, GA 30309-3996

Jeffrey Maletta, Esq.
Nicole A. Baker
**K & L Gates**
1601 K Street NW
Washington, DC 20006

Emily Nicklin, Esq.
Timothy A. Duffy
**Kirkland & Ellis**
200 East Randolph Dr., Ste. 5400
Chicago, IL 60601-6636

Leo Maurice Bearman, Jr.
Eugene J. Podesta, Jr.
**Baker Donelson Bearman Caldwell & Berkowitz**
165 Madison Avenue, Suite 2000
Memphis, TN 38103

Kevin C. Logue, Esq.
Asa R. Danes, Esq.
**Paul, Hastings, Janofsky & Walker LLP**
75 East 55th Street
New York, NY 10022

s/Jerome A. Broadhurst
Jerome A. Broadhurst