**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE, AND ERISA LITIGATION** | ) | |
| **H. AUSTIN LANDERS, et al.,** | ) | |
| **Plaintiffs,** | ) | **Case Nos. MDL 2009<br>08-2260** |
| **v.** | ) | |
| **MORGAN ASSET MANAGEMENT, INC., MORGAN KEEGAN & COMPANY, INC., MK HOLDING, INC., REGIONS FINANCIAL CORPORATION, REGIONS BANK, et al.,** | ) | |
| **Defendants.** | ) | |

**ORDER DENYING DEFENDANTS' MOTION TO STRIKE AND GRANTING PLAINTIFFS' ALTERNATIVE MOTION TO FILE A SUPPLEMENTAL COMPLAINT**

Before the Court is Defendants' November 10, 2009, Motion to Strike Plaintiffs' First Amended Complaint. Defendants argue that Plaintiffs' Amended Complaint fails to meet the requirement of Federal Rule of Civil Procedure 8(a)(2) that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." (Defendants' Memorandum in Support of Motion to Strike at 3-5) ("Defs.' Memo") Defendants also argue that Plaintiffs' "Amended Complaint" is actually a supplemental complaint, requiring the Court to strike the

complaint because Plaintiffs did not seek leave of the Court before filing their pleading. (Defs.' Memo at 6-8; see also Fed. R. Civ. P. 15(d).) Plaintiffs responded in opposition to the Defendants' Motion on November 30, 2009.

Having considered the parties' arguments, the Court finds that Plaintiffs' filing is a supplemental complaint, construes that filing as a Motion to File a Supplemental Complaint, and GRANTS the motion. See Harrison v. Burt, No. 2:07-CV-11412, 2008 U.S. Dist. LEXIS 66586, at *1 (E.D. Mich. Aug. 28, 2008); Ctr. For Biological Diversity v. Kempthorne, No. C 08-1339 CW, 2008 U.S. Dist. LEXIS 104031, at *7 (N.D. Cal. June 17, 2008).

## I. Procedural Background

Plaintiffs H. Austin Landers and Jeanette H. Landers originally filed this derivative action in the Chancery Court for Shelby County, Tennessee, on March 28, 2008. (See Compl. at 1.) In their original Complaint, Plaintiffs brought suit against Defendants Morgan Keegan and Company; Morgan Asset Management, Inc.; MK Holding, Inc.; Regions Financial Corporation; PriceWaterhouseCoopers, LLP; and fifteen individual defendants to recoup losses suffered by the Regions Morgan Keegan Select Short Term, Intermediate Term, and High Income Bond Funds (collectively the "Funds"). (Compl. ¶ 1.) Plaintiffs allege that Defendants caused the Funds to suffer "catastrophic losses" by allowing the Funds to invest "an

extraordinarily large portion of their respective portfolios in exotic, complex . . . securities of uncertain valuation that could suddenly become unstable . . . resulting in precipitous price reductions." (Id.) This alleged mismanagement led the Funds' total net value to fall from $2.2 billion on December 31, 2006, to $372.5 million on December 31, 2007. (Id. ¶ 2.) The original Complaint stated ten causes of action centered on breach of contract, breach of fiduciary duties, and negligence. (Id. ¶¶ 361-473.) Plaintiffs' Complaint contained 480 paragraphs over 201 pages.

Defendants removed Plaintiffs' suit to federal court on April 29, 2008. Rather than file an answer to Plaintiffs' Complaint, Defendants filed several Motions to Dismiss on June 1, 2009. (See Dkt. Nos. 24-29.) On October 27, 2009, without seeking leave of the Court, Plaintiffs filed a pleading entitled "Plaintiffs First Amended Derivative Complaint" ("Amended Complaint"). (See Dkt. No. 46.) The Amended Complaint, excluding attached exhibits, is 875 paragraphs and 393 pages in length. It adds five new claims for relief, including alleged ultra vires conduct; violations of the Maryland Securities Act, Md. Code Ann. §§ 11-101, et seq.; and the Investment Company Act of 1940, 15 U.S.C. §§ 80a-1 et seq. (Amend. Compl. ¶¶ 560-61, 759-72, 837-70.) The Amended Complaint also adds, inter alia, 1) additional information about the Funds' liquidity and risk

disclosures, 2) new allegations about Regions Bank's knowledge of the risks in the subprime credit market, 3) information about Morgan Asset Management's use of a Florida broker/dealer who expressed misgivings about the liquidity of the Funds' asset purchases, and 4) claims that demand on the Funds' boards was made or was futile. (Id. ¶¶ 131, 134-140, 143-47, 149-50, 153-60, 250-59, 260-78, 279-307, 581-89, 633-77.) Plaintiffs admit that several of the added claims, particularly those about Plaintiffs' efforts to satisfy the demand requirement, address events that occurred after the filing of the initial complaint. Compare Defs.' Memo at 6-7 & n.2 (listing Amended Complaint's additions and noting that all of Plaintiffs' fifteen attached exhibits concern events occurring after initial Complaint's filing), with Plaintiffs' Response to Defendants' Motion to Strike at 5 (acknowledging that portions of Amended Complaint are about events occurring after suit commenced). ("Pls.' Resp.")

## II. Analysis

### A. Plaintiffs' Amended Complaint Does Not Violate Federal Rule of Civil Procedure 8

Defendants argue that the dramatic growth in Plaintiffs' Complaint has resulted in a pleading that is "duplicative, confusingly organized and clearly designed to impose an unnecessary burden on Defendants and the Court by requiring it

[sic] to sift through nearly 400 pages" of legal arguments. (Defs.' Memo at 4.) Defendants also attack the Amended Complaint for its reliance on "legally inconsistent theories." (Defs.' Memo at 2 (noting that Amended Complaint pleads both that Plaintiffs made demand on the Funds' boards and that demand was futile and therefore unnecessary).) Plaintiffs have responded with a twenty-page memo asserting that their Amended Complaint is long because of the complex nature of the claims at issue and the heightened pleading standards their claims will face on a motion to dismiss. (Pls.' Resp. at 6-15.)

Federal Rule of Civil Procedure 8 ("Rule 8") requires that all complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). Rule 8 further requires that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Juxtaposed, these two provisions emphasize that the modern federal pleading system places a high value on both "clarity and brevity." Ciralsky v. Central Intelligence Agency, 355 F.3d 661, 669 (D.C. Cir. 2004). District judges bear the responsibility of ensuring compliance with these requirements. Id.

The plain text of Rule 8 states that claims are to be succinctly stated. There is no requirement that a party's complaint must be similarly limited. See Fed. R. Civ. P.

8(a)(2); Ciralsky, 355 F.3d at 670 ("Rule 8 does not require a 'short and plain complaint' but rather a 'short and plain statement of the claim.'" (quoting Fed. R. Civ. P. 8(a)(2))). Plaintiffs have sued twenty-four Defendants, asserting fifteen separate claims. (Amend. Compl. at 4-5.) It is unsurprising that, in a complex case such as this, the complaint would not be a model of brevity. Cf. Trew v. Am. Inst. Of Intradermal Cosmetics, Inc., No. 04-2163 B, 2005 U.S. Dist. LEXIS 44162, at *2, *4 (W.D. Tenn. May 3, 2005) (refusing to dismiss 39-page, 361-paragraph complaint against six defendants asserting nine claims). Indeed, because of the Supreme Court's recent decisions re-emphasizing the robustness of the federal pleading standard, Plaintiffs were correct to err on the side of prolixity. See Ashcroft v Iqbal, 129 S.Ct. 1937, 1949 (2009) (requiring "facial plausibility," defined as "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," to survive a motion to dismiss); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action will not do." (citation omitted)).

Defendants have not alleged that Plaintiffs' amended pleading is "replete with factual allegations that could not possibly be material to [each] specific count," Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001); full of "rambling

irrelevancies," id.; or unintelligible – instances where other courts have approved striking a complaint that violates Rule 8. Davis v. Ruby Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001). Plaintiffs' Amended Complaint is not "frivolous on its face," Cirlasky, 355 F.3d at 670-71, and the prolixity with which Plaintiffs have pled allows the Defendants to have full notice of all possible claims the Plaintiffs can bring. See Kittay v. Kornstein, 230 F.3d 531, 541 (2d. Cir. 2000) ("[I]f the court underst[ands] the allegations sufficiently to determine that they could state a claim for relief, the complaint has satisfied Rule 8.")

Put simply, "Fat in a complaint can be ignored." Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998). Because courts only grant relief under Rule 8 where the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance . . . is well disguised," and Defendants have not met this burden, the Court declines to strike the Plaintiffs' Amended Complaint as in violation of Rule 8. Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988); see also Davis, 269 F.3d at 821 (advising that a party should only move to strike extraneous matter from a complaint when that extra material is prejudicial to the party).[1]

[1] Defendants' argument that Plaintiffs acted improperly by pleading alternative theories is refuted by the plain text of Rule 8, which was intended to free modern pleading from the unbending nature of the prior,

**B. Plaintiffs' Complaint is Supplemental**

Defendants next argue that, because Plaintiffs' Amended Complaint contains significant references to events that occurred after Plaintiffs had filed their initial Complaint, this Court should strike the Amended Complaint as a supplemental complaint filed without permission. (Defs.' Memo at 6-8.) Plaintiffs admit that some of their additions cover conduct that occurred after they filed suit but suggest that their filing of the Amended Complaint was proper. (Pls.' Resp. at 5.) In the alternative, Plaintiffs ask the Court to convert the filing of the Amended Complaint into a Motion to Supplement and to grant that Motion. (Id. at 16.)

The difference between an amended and a supplemental complaint is more than semantic. Although a party may amend its pleading once as a matter of right up to twenty-one days after service of a responsive pleading, a party may not file a supplemental complaint without the permission of the Court. Compare Fed. R. Civ. P. 15(a)(1)(B), with Fed. R. Civ. P. 15(d). A supplemental pleading is one "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Here, the pleading supplemented is the initial Complaint, which Plaintiffs

writ-based common law pleading system. See Fed. R. Civ. P. 8(d)(2) ("A party may set out two or more statements of a claim or defense alternatively or hypothetically."); cf. Davis, 269 F.3d at 821 (noting that frivolous motions to strike "are what give 'motion practice' a deservedly bad name").

filed on March 28, 2008. Plaintiffs' Amended Complaint unquestionably refers to events that took place after that date. (See, e.g., Amended Compl. ¶¶ 583-589 (noting developments in Alabama state proceedings occurring in June 2008); id. ¶¶ 564, 619-677 (referencing the election of new directors in July 2008 and the May 1, 2009, proxy statement.) Plaintiffs' Complaint is, therefore, supplemental. See Ohio Valley Envtl. Coalition v. U.S. Army Corps of Eng'rs, 243 F.R.D. 253, 255 (S.D. W.Va. 2007) (noting the distinction between amended and supplemental complaints).

Plaintiffs suggest that the Court construe their filing of the Amended Complaint as a motion to file a supplemental complaint. Federal Rule of Civil Procedure 15(d) provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Federal Rule of Civil Procedure 15(a)(2) states that courts "should freely give leave when justice so requires."[2] Factors to consider in determining whether a court should give leave are undue delay in filing, lack of notice to the opposing party, bad faith or dilatory motive by the moving party, repeated failure to cure deficiencies by previous amendments,

[2] The same analysis applies to Rule 15(d). See Spies v. Voinovich, 48 F. A'ppx. 520, 527 (6th Cir. 2002); Bromley v. Mich. Educ. Ass'n-NEA, 178 F.R.D. 148, 153-54 (E.D. Mich. 1998).

undue prejudice to the opposing party, and futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962). In the absence of any improper motive, the leave sought should be "freely given." Id. Leave to amend is "normally granted" because courts are to give the rule "a liberal construction, always trying where possible to see that cases are decided on their merits." McHenry v. Ford Motor Co., 269 F.2d 18, 25 (6th Cir. 1959). The later the stage of litigation when the amendment is sought, the greater the burden to show justification for failing to move earlier. Wade v. Knoxville Utils. Bd., 259 F.3d 452, 459 (6th Cir. 2001).

Here, Defendants have not suggested that Plaintiffs' alternative Motion to File a Supplemental Complaint is the result of bad faith or dilatory tactics. (See Defendants' Reply Memorandum in Support of Motion to Strike at 2-3.) Nor have Defendants argued that the amendments would result in undue prejudice. (Id.) This Court has already rejected the contention that any amendment would be futile. Following the Supreme Court's admonition that, in the absence of prejudice to the Defendants or evidence of an improper motive, a court should "freely give[]" leave to supplement, the Court GRANTS Plaintiffs' leave to file their Supplemental Complaint. See Foman, 371 U.S. at 182; Ctr. For Biological Diversity, 2008 U.S. Dist. LEXIS 104031, at *7.

**III. Conclusion**

For the foregoing reasons, the Court DENIES Defendants' Motion to Strike and GRANTS Plaintiffs' alternative Motion for Leave to File a Supplemental Complaint. In accordance with the previously-filed Joint Scheduling Order, all pending Motions to Dismiss are now MOOT. Defendants filed their revised Motions to Dismiss on December 15, 2009. (See Dkt. No. 50, at 1.) Parties should continue to meet the established deadlines to ensure prompt resolution of the Motions.

So ordered this 4th day of January, 2010.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE