IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

|  |  |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE and ERISA LITIGATION<br><br>This Document Relates to:<br><br>*Landers v. Morgan Asset Management, Inc.*, No. 2:08-cv-02260-SHM-dkv | MDL Docket No. 2009 |

# FORMER INDEPENDENT DIRECTORS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS

Jeffrey B. Maletta
Nicholas G. Terris
Nicole A. Baker
K&L GATES LLP
1601 K Street, NW
Washington, DC  20006-1600
(202) 778-9000

*Attorneys for Jack R. Blair, Albert C. Johnson, James Stillman R. McFadden, W. Randall Pittman, Mary S. Stone and Archie W. Willis, III*

DC-1420337 v.4

Jack R. Blair, Albert C. Johnson, James Stillman R. McFadden, W. Randall Pittman, Mary S. Stone, and Archie W. Willis, III (the "Former Independent Directors") hereby reply to plaintiffs' Consolidated Memorandum in Opposition to Defendants' Motion to Dismiss, dckt. No. 77 (filed February 15, 2010) (the "Opposition" or "Opp."). The Former Independent Directors' opening Memorandum of Law in Support of their Motion to Dismiss Plaintiffs' First Amended Derivative Complaint, dckt. No. 59, filed December 15, 2009, will be referred to as the "Memorandum" or "Mem." This Reply Memorandum uses the same abbreviations and defined terms as the Memorandum.

## PRELIMINARY STATEMENT

Notwithstanding plaintiffs' baseless assertions to the contrary, see Opp. 47 n.53, 51 n.61, the Former Independent Directors agree with and have expressly adopted the Morgan Keegan defendants' arguments demonstrating that plaintiffs were required to make demand on the Former Independent Directors but failed to do so. See Mem. at 1. In light of this Court's recent decision in Ryan v. Morgan Asset Mgmt., Inc., Case No. 2:08-2162-SHM-dkv, --- F. Supp. 2d ---, 2010 WL 890950 (W.D. Tenn. Mar. 10, 2010), dismissing a largely identical lawsuit on this ground, the Morgan Keegan defendants' arguments plainly compel dismissal of this action as well.

In this Reply Memorandum, the Former Independent Directors respond to plaintiffs' limited arguments in opposition to the Former Independent Directors' alternative and independent grounds for dismissal. These additional bases for dismissal are that: (1) as plaintiffs have effectively conceded by purportedly making demand on the New Board, the New Board's decision to halt the lawsuit is controlling irrespective of issues regarding futility of demand on

the Former Independent Directors, and (2) the Supplemental Complaint lacks factual allegations stating a plausible claim against the Former Independent Directors.

## ARGUMENT

### I. PLAINTIFFS MAY NOT PURSUE A SHAREHOLDER DERIVATIVE ACTION IN THE FACE OF THE NEW BOARD'S DECISION TO HALT THE ACTION

Even assuming contrary to law that demand had initially been futile, the New Board may assert control over the litigation even in the absence of a new demand.  The New Board's authority is especially clear in this case given plaintiffs' assertion that they voluntarily made demand on the New Board.

Under Delaware law, which the Court in Ryan predicted the Maryland Court of Appeals would follow in this context, see Ryan, 2010 WL 890950, at *5:

> When a derivative action is pending, a board comprised of new directors who are under no personal conflict with respect to prosecution of a pending derivative claim may cause the corporation to act in a number of ways with respect to that litigation.  For example, the new board can . . . move to dismiss the action as not in the corporation's best interest . . .

Braddock v. Zimmerman, 906 A.2d 776, 785-86 (Del. 2006) (citations, internal quotation marks, and footnotes omitted).  See also Mem. 2-3.

It appears to be indisputable that this is precisely what occurred in this case.  In the words of the Delaware Supreme Court in Braddock, the unquestionably independent new board "move[d] to dismiss the action as not in the corporation's best interest."  906 A.2d at 786.  As explained in the Nominal Defendants' Memorandum in Support of their Motion to Dismiss the Verified Shareholders' First Amended Derivative Complaint, dckt. no. 64-1 (filed December 15, 2009), the New Board determined that the Funds' interests are best served by seeking dismissal or a stay of the action while the New Board completes its investigation of the claims asserted in

2

this case.  See id. at 2-3.  The New Board's decision is eminently sensible and plainly conclusive.  See Mem. at 3-4.

To be clear, for purposes of this Reply Memorandum, defendants do not rely on the argument that, unlike Delaware, Maryland would require plaintiffs to make an additional demand on the New Board.  See Mem. 3 & n.2.  This Court in Ryan rejected that argument, and predicted that Maryland would follow Delaware law in this context.  See Ryan, 2010 WL 890950, at *5.  As Ryan concluded, Delaware law does not contemplate that a new board may remain passive and expect shareholders to make a new demand on them as to claims that are already validly litigation.  See id.[1]  See also Opp. 52.  At the same time, as indicated in the excerpt from Braddock quoted above, Delaware law gives effect to the decision of a new and independent board to ***actively seek*** the dismissal of a purported shareholder derivative action.[2]  See also Braddock v. Zimmerman, 906 A.2d 776, 786 (Del. 2006) (affirming that "the new board can take control of the litigation" but that "[t]here are good reasons not to go further and require that a derivative plaintiff interrupt litigation, when amending his pleading or otherwise, to make a demand upon such a newly constituted board") (citation and internal quotation marks omitted).[3]

Plaintiffs now acknowledge that a new board of directors may assert control over corporate litigation and that the Former Independent Directors were not obliged to appoint a

---

[1]   As the Morgan Keegan defendants have amply demonstrated, plaintiffs' claims were not validly in litigation within the meaning of Braddock, but the Former Independent Directors assume *arguendo* that they were.

[2]   The Former Independent Directors raised a similar argument in their reply brief in Ryan.  The Court's opinion in Ryan does not appear to address the argument.

[3]   See also Harris v. Carter, 582 A.2d 222, 231 (Del. Ch. 1990) (noting that a new and independent board's options include "failing to act" and thus "allow[ing] the representative plaintiff and his counsel to carry the litigation forward" **or** "mov[ing] to dismiss the case as not, in the board's business judgment, in the corporation's best interest"); Telxon Corp. v. Bogomolny, 792 A.2d 964, 973 (Del. Ch. 2001) ("Even when demand is properly excused, the board of directors retains the inherent power to manage derivative claims when, for example, a new disinterested majority is elected . . .") (footnote omitted).

3

special litigation committee. See Opp. 42 n.49 ("Plaintiffs do not allege an SLC was required.") (emphasis omitted). See also Mem. 4 (addressing allegations in the Supplemental Complaint that seemed to suggest the opposite).[4]

Indeed, plaintiffs' lengthy Opposition makes almost no effort to contest the proposition that the New Board's determination to halt the litigation is controlling.

Plaintiffs briefly refer to the Supplemental Complaint's allegations that "[t]he New Board was elected on the basis of a false and misleading proxy statement." Opp. 60. But they fail to respond to the Former Independent Directors' statement-by-statement analysis demonstrating that plaintiffs have not actually alleged any materially false or misleading disclosure in the proxy materials. See Mem. 5-6. Plaintiffs similarly make no effort to explain their failure to contest the New Board's election earlier in a proper proceeding focused on that issue or why any supposed infirmities in the New Board's election would justify allowing them to control the corporation's litigation as opposed to simply holding a new election. See Mem. 6-7 & n.7. See also Opp. 60 (citing cases suggesting that the proper remedy for misleading proxy statements is to order a new election).

Plaintiffs also fail to refute defendants' argument that, because plaintiffs affirmatively contend that they have made demand on the New Board, they have forfeited any ability to challenge the New Board's election in this context. See Mem. 7-8. In fact, the Opposition reiterates that plaintiffs "assert that demand was made on the New Board." Opp. 52. Plaintiffs' proviso that such demand on the New Board was made "[w]ithout waiving" their argument that "the demand issue is to be resolved on the basis of the Funds' board at the time the suit was

---

[4] Plaintiffs go on to assert that, assuming counterfactually that the Former Independent Directors *had* appointed a special litigation committee, the members of that committee would have been required to stand for election by the shareholders. Opp. 42. There is no need for the Court to address plaintiffs' hypothetical.

initiated in March 2008," Opp. 52, is ineffectual.  As already noted, demand is not directly in issue and making a second demand on the New Board would not have been required under Delaware law as to any claims validly in litigation.  Nonetheless, having *voluntarily* made a purported demand, "the shareholders are deemed to have waived any claim they might otherwise have had that the board cannot independently act on the demand."  Bender v. Schwartz, 917 A.2d 142, 152 (Md. App. 2007) (citation, internal quotation marks, and emphasis omitted).  Because plaintiffs thus are deemed to have conceded the New Board's ability to exercise control over the litigation, their arguments concerning the propriety of the New Board's election are waived.

## II. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST THE FORMER INDEPENDENT DIRECTORS

The Opposition simply fails to respond to a number of the Former Independent Directors' arguments demonstrating that the claims against them must in any event be dismissed for failure to state a claim.  See Mem. 8-10.  The few points that plaintiffs do raise are meritless.

Plaintiffs suggest that the effect of the exculpatory provisions in the Funds' Articles of Incorporation may not be considered in the context of a motion to dismiss.  Opp. 66-67.  This contention is frivolous.  See, e.g., Malpiede v. Townson, 780 A.2d 1075, 1091-92 (Del. 2001); In re Sagent Tech., Inc. Derivative Litig., 278 F. Supp. 2d 1079, 1095 n.9 (N.D. Cal. 2003).

Plaintiffs also argue that the exculpatory provision contained in the Funds' Articles of Incorporation is void because it "was adopted by a single person," (presumably Defendant Charles Maxwell, the initial director) and therefore was "not the product of any negotiation, arm's-length or otherwise."  Opp. 68.  This ignores Maryland law, which provides that a corporation need only have a single director, and expressly permits the inclusion of an appropriate exculpatory provision in the Articles of Incorporation.  See Md. Code Ann., Corps. & Ass'ns §§ 2-104(b)(8), 2-402(a).

5

Plaintiffs' citation to the Supplemental Complaint's allegations that the Former Independent Directors acted with "knowledge of the Funds' mismanagement, gross negligence or reckless disregard for the truth," Opp. 69, does not satisfy the requirement in Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937 (2009), that a plaintiff plead sufficient *facts* to plausibly support such a claim as required under Fed. R. Civ. P. 8(a). As a review of the proffered paragraphs of the Supplemental Complaint confirms, rather than facts, plaintiffs rely on bald allegations to the effect that unidentified defendants "knew or should have known" or were "reckless." These conclusory and undifferentiated averments do not support a claim, particularly one that turns on an individual's state of mind. Iqbal, 129 S. Ct. at 1950-51.

Significantly, moreover, plaintiffs themselves characterize the Supplemental Complaint as being "replete with allegations of fraud." Opp. 27. It thus appears to be beyond serious dispute that the Supplemental Complaint is subject to Fed. R. Civ. P. 9(b). See Mem. 10. The Supplemental Complaint comes nowhere close to meeting this heightened pleading standard. See Mem. 10.

## **CONCLUSION**

The Former Independent Directors request that the Supplemental Complaint be dismissed.

DATED this 5th day of April 2010.

                                                      Respectfully submitted,

/s/ Nicole A. Baker
Jeffrey B. Maletta (DC Bar No. 294009)
Nicole A. Baker (DC Bar No. 484147)
K&L GATES LLP
1601 K Street, NW
Washington, DC  20006-1600
(202) 778-9000
jeffrey.maletta@klgates.com
nicole.baker@klgates.com

*Attorneys for Jack R. Blair, Albert C. Johnson, James Stillman R. McFadden, W. Randall Pittman, Mary S. Stone and Archie W. Willis, III*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2010, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or serve the following via U.S. Mail:

**APPERSON, CRUMP & MAXWELL, PLC**
CHARLES D. REAVES
JEROME A. BROADHURST
600 Poplar Avenue, Suite 400
Memphis, TN 38119-3972

**KIRKLAND & ELLIS, LLP**
TIMOTHY DUFFY, ESQ.
EMILY NICKLIN, ESQ.
KRISTOPHER RITTER, ESQ.
300 North LaSalle Street
Chicago, IL 60654

**HEAD, SEIFERT & VANDER WEIDE, P.A.**
VERNON J. VANDER WEIDE
THOMAS V. SEIFERT
333 South Seventh St., Suite 1140
Minneapolis, MN 55402-2422

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
LEO BEARMAN, ESQ.
EUGENE PODESTA, ESQ.
165 Madison Avenue
First Tennessee Building
Memphis, TN 38103

**LOCKRIDGE GRINDAL NAUEN PLLP**
RICHARD A. LOCKRIDGE
GREGG M. FISHBEIN
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401

**ZIMMERMAN REED, P.L.L.P.**
CAROLYN G. ANDERSON
TIMOTHY J. BECKER
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402

**BASS BERRY & SIMS PLC**
MICHAEL L. DAGLEY
MATTHEW M. CURLEY
W. BRANTLEY PHILLIPS, JR.
150 Third Avenue South
Suite 2800
Nashville, TN  37201

**SUTHERLAND ASBILL & BRENNAN, LLP**
S. LAWRENCE POLK
99 Peachtree Street, NE
Atlanta, GA  30309

**MAYNARD COOPER & GALE PC**
PETER S. FRUIN
1901 Sixth Avenue North
Suite 2400
Birmingham, AL  35203

**SULLIVAN & CROMWELL LLP**
DAVID B. TULCHIN
DAVID E. SWARTS
125 Broad Street
New York,  NY 10004

| | |
|---|---|
| **BASS BERRY & SIMS PLC**<br>SHEPHERD D. TATE<br>MICHAEL A. BRADY<br>100 Peabody Place, Suite 900<br>Memphis, TN  38103 | **PAUL, HASTINGS, JANOFSKY &**<br>**WALKER LLP**<br>KEVIN C. LOGUE<br>ASA R. DANES<br>75 East 55th Street<br>New York, NY  10022 |

/s/ Nicole A. Baker