IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| IN RE:  REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE, AND ERISA LITIGATION | ) ) ) ) |
| H. AUSTIN LANDERS, et al., | ) ) |
| Plaintiffs, | ) Case Nos. MDL 2009 )           08-2260 ) |
| v. | ) ) |
| MORGAN ASSET MANAGEMENT, INC., MORGAN KEEGAN & COMPANY, INC., MK HOLDING, INC., REGIONS FINANCIAL CORPORATION, REGIONS BANK, et al., | ) ) ) ) ) ) ) |
| Defendants. | ) |

---

**ORDER GRANTING DEFENDANTS' MOTION TO EXTEND STAY**

---

Before the Court is the Motion to Extend Stay by Defendants Helios Select Fund, Inc.; Helios Select Short Term Bond Fund; Helios Select Intermediate Bond Fund; and Helios Select High Income Fund.  (See ECF No. 93.)  Included in the Motion is the New Board's status report on its investigation into the demand made on it by Plaintiffs.  See Landers v. Morgan Asset Mgmt. (In re Regions Morgan Keegan Secs., Derivative, & ERISA Litig.), Nos. MDL 2009, 08-2260, 2010 U.S. Dist. LEXIS 101987, at *24 (W.D. Tenn. Sept. 24, 2010) (requiring the board of directors of

1

Helios Select Fund, Inc. to file a report with the Court by October 25, 2010).

The New Board states that it has reviewed thousands of pages of documents and interviewed witnesses. (Status Report of the New Board, ECF No. 93, at 2-3.) An additional 230,000 pages of documents await the New Board's review. (Id. at 3.) The New Board also reports that it is in contact with Plaintiffs' counsel regarding "possible resolution of certain issues related to the pending litigation." (Id.) To facilitate these communications and allow for the investigation to continue, the New Board requests that the Court extend the stay of this case until November 30, 2010. (Id.)

The Court agrees that, because of the demands placed on the New Board by its investigation, an extension of the stay is warranted. The Court, therefore, GRANTS Defendants' Motion to extend the stay and the New Board's deadline to respond to November 30, 2010.

Maryland law makes clear that a board of directors has a duty to respond timely to a demand. See Bender v. Schwartz, 917 A.2d 142, 152 (Md. Ct. Spec. App. 2007) ("Once a demand is made, the corporation's board of directors must conduct an investigation into the allegations in the demand and determine whether pursuing the demanded litigation is in the best interests of the corporation." (citation omitted; emphasis

2

added)).  Where a board of directors refuses to respond to a demand in a timely fashion, the plaintiffs may amend their complaint to state a demand-wrongly-refused action.  Id. Plaintiffs' allegations here are similar to those found in lawsuits dating back to 2007.  See In Re Regions Morgan Keegan Open-End Mutual Fund Litig., Nos. MDL 2009, 07-2784, 2010 U.S. Dist. LEXIS 104246 (W.D. Tenn. Sept. 30, 2010).  A board may not shirk its duty to respond timely to a demand.  See Bender, 917 A.2d at 152-53.  Any further request to delay the New Board's response must demonstrate with specificity why more time is necessary.

    So ordered this 27th day of October, 2010.

                                    s/ Samuel H. Mays, Jr.
                                    SAMUEL H. MAYS, JR.
                                    UNITED STATES DISTRICT JUDGE