IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE and ERISA LITIGATION<br><br>This Document Relates to:<br><br>*Landers v. Morgan Asset Management, Inc.*, No. 2:08-cv-02260-SHM-dkv | MDL Docket No. 2009<br><br>Judge Samuel H. Mays, Jr.<br><br>Magistrate Judge Diane K. Vescovo |

**NOMINAL DEFENDANTS' MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF RULE 23.1 NOTICE TO SHAREHOLDERS AND FOR FINAL APPROVAL OF THE MEMORANDUM OF UNDERSTANDING**

Nominal Defendants Helios Select Fund, Inc. (formerly Morgan Keegan Select Fund, Inc.), Helios Select Short Term Bond Fund (formerly Regions Morgan Keegan Select Short Term Bond Fund), Helios Select Intermediate Bond Fund (formerly Regions Morgan Keegan Select Intermediate Bond Fund) and Helios Select High Income Fund (formerly Regions Morgan Keegan Select High Income Fund) (collectively, the "Funds"), respectfully submit this Memorandum in Support of Derivative Plaintiffs' and the Funds' Joint Motion for Approval of Rule 23.1 Notice to Shareholders and for Final Approval of the Memorandum of Understanding.

As the New Board[1] has advised the Court previously, including in a Status Report dated October 22, 2010, the New Board has been engaged in the investigation of the allegations in the First Amended Derivative Complaint as well as those of various derivative complaints and demands related to the closed-end funds. As part of this investigation, counsel for the New

---

[1] The New Board refers to the Board of Directors of nominal defendants Helios Select Fund, Inc. (formerly Morgan Keegan Select Fund, Inc.), Helios Select Short Term Bond Fund (formerly Regions Morgan Keegan Select Short Term Bond Fund), Helios Select Intermediate Bond Fund (formerly Regions Morgan Keegan Select Intermediate Bond Fund) and Helios Select High Income Fund (formerly Regions Morgan Keegan Select High Income Fund) (collectively, the "Funds").

1

Board has reviewed several thousands of pages of documents, as well as numerous public disclosure documents from the various Funds, and from various regulatory or administrative proceedings, as well as numerous pleadings, exhibits and materials filed as part of the motion practice in this case and numerous related cases; interviewed various witnesses; and met on numerous occasions with the New Board to review and discuss the allegations and evidence in this action and those related cases.

As this Court has previously noted, the Funds are in liquidation, but that liquidation did not affect Plaintiffs' standing to pursue this derivative action. (Sep. 24, 2010 Order, ECF No. 92 at 8) (citing Amended Complt. ¶ 11).

Under Maryland law, the decision as to what course of action is in the best interests of the Funds must of course be made by the New Board. *See* James J. Hanks, Jr., *Maryland Corporation Law* § 7.21[c] at 276.9 (2009 Supp.) ("A derivative suit 'is a matter for the corporate authorities themselves, and not for the stockholders to determine ….'") (quoting *Davis v. Gemmell*, 17 A. 259, 265 (Md. 1889)). As this Court noted in its Order dated September 24, 2010 "[b]y affirmatively choosing to make demand on the New Board, Plaintiffs have admitted that the New Board is qualified to exercise its business judgment about whether their suit should go forward." (ECF No. 92 at 15-16) (citing *Bender v. Schwartz*, 917 A.2d 142, 152 (Md. App. 2007); *Bennett v. Damascus Cmty. Bank*, No. 267722-V, 2006 Md. Cir. Ct. LEXIS 14, at *7-8 (Md. Cir. Ct. Apr. 6, 2006)). Similarly, during the course of the proceedings in this derivative action, Defendants have acknowledged the independence of the New Board.[2]

In a Status Report dated November 30, 2010 (ECF No. 98), the New Board advised the Court that, in exercise of its business judgment, a Memorandum of Understanding ("MOU") has

---

[2] *See, e.g.*, ECF No. 40 at 3 n. 3; ECF No. 44 at 1.

been reached between the Funds and the Derivative Plaintiffs and their counsel.  As advised in the MOU, the Funds have reached a settlement of the single claim in the *Open-End Fund Litigation*[3], whereby without admitting or denying liability but consenting to the Court's jurisdiction, judgment is to be entered against only the Funds on the Section 11 claim against them in that litigation, placing the putative settlement class in the position of a judgment creditor of the Funds; the judgment debt is to be satisfied solely out of recovery by the Funds on their derivative claims in this derivative action, as provided more fully in the MOU.  Among other things, the MOU provides that the current Derivative Plaintiffs' counsel shall represent the Funds in pursuing such claims, and provides that the former independent director defendants may be dismissed without prejudice from this derivative action, subject to the terms set forth more fully in the MOU.

As this Court acknowledged in its Order dated December 10, 2010, "on receiving a demand, a board must either take over a derivative action or seek its dismissal."  (ECF No. 100 at 2) (citing *Bender*, 917 A.2d at 152).  As such, the New Board's discretion to pursue claims pursuant to the terms of the MOU should be respected.  *See* Hanks, *supra*, § 7.21[c] at 276.9 (2009 Supp.) ("The directors' action in considering whether to pursue a possible claim is, like any other action, governed by the standard of conduct set forth in [Md. Code Ann., Corps. & Ass'ns §] 2-405.1.") (citing *Bender*, 917 A.2d at 152).

---

[3] *In re Regions Morgan Keegan Open-End Mutual Fund Litig.*, C.A. No. 2:07-cv-02784-SHM-dvk (W.D. Tenn.). The only other claim against the Funds in the *Open-End Fund Litig.*, asserted under § 10(b) of the Securities Exchange Act of 1934, was dismissed by this Court.  (ECF Nos. 272, 291.)

**CONCLUSION**

In light of the New Board's decision, and for the reasons outlined above and those separate reasons outlined in Derivative Plaintiffs' Memorandum in Support of Joint Motion for Approval of Rule 23.1 Notice to Shareholders and for Final Approval of the Memorandum of Understanding (ECF No. 103-1), the undersigned respectfully requests that the Court enter the Proposed Order approving the form of Notice and, after the approved notice has been mailed and the Court has addressed any properly made objections at the Final Approval Hearing, enter the Proposed Order finally approving the MOU.

Dated this 14th day of March, 2011.    PAUL, HASTINGS, JANOFSKY &
    WALKER LLP

By:      /s/Kevin C. Logue
    Kevin C. Logue
75 East 55th Street
New York, NY 10022
Tel: (212) 318-6000
Fax: (212) 319-4090
E-mail: kevinlogue@paulhastings.com
*Attorneys for Defendants
Helios Select Fund, Inc. (formerly
Morgan Keegan Select Fund, Inc.),
Helios Select Short Term Bond Fund
(formerly Regions Morgan Keegan
Select Short Term Bond Fund), Helios
Select Intermediate Bond Fund
(formerly Regions Morgan Keegan
Select Intermediate Bond Fund) and
Helios Select High Income Fund
(formerly Regions Morgan Keegan
Select High Income Fund)*

CERTIFICATE OF SERVICE

      I hereby certify that on March 14, 2011, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

**APPERSON CRUMP, PLC**
CHARLES D. REAVES, ESQ.
JEROME A. BROADHURST, ESQ.
6070 Poplar Avenue, 6th Floor
Memphis, TN 38119-3954

**KIRKLAND & ELLIS, LLP**
TIMOTHY DUFFY, ESQ.
EMILY NICKLIN, ESQ.
KRISTOPHER RITTER, ESQ.
300 North LaSalle
Chicago, IL 60654

**HEAD, SEIFERT & VANDER WEIDE, P.A.**
VERNON J. VANDER WEIDE, ESQ.
THOMAS V. SEIFERT, ESQ.
333 South Seventh St., Suite 1140
Minneapolis, MN 55402-2422

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
LEO BEARMAN, ESQ.
EUGENE PODESTA, ESQ.
165 Madison Avenue
First Tennessee Building
Memphis, TN 38103

**LOCKRIDGE GRINDAL NAUEN PLLP**
RICHARD A. LOCKRIDGE, ESQ.
GREGG M. FISHBEIN, ESQ.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401

**K&L GATES LLP**
JEFFREY B. MALETTA, ESQ.
NICOLE A. BAKER, ESQ.
1601 K Street, NW
Washington, D.C. 20006-1600

**ZIMMERMAN REED, P.L.L.P.**
CAROLYN G. ANDERSON, ESQ.
TIMOTHY J. BECKER, ESQ.
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402

**SUTHERLAND ASBILL & BRENNAN, LLP**
S. LAWRENCE POLK, ESQ.
999 Peachtree Street NE
Atlanta, GA 30309

**MAYNARD COOPER & GALE PC**
PETER S. FRUIN, ESQ.
2400 Regions Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203

**SULLIVAN & CROMWELL LLP**
DAVID B. TULCHIN, ESQ.
DAVID E. SWARTS, ESQ.
125 Broad Street
New York, New York 1004

**BASS BERRY & SIMS PLC**
MICHAEL L. DAGLEY, ESQ.
MATTHEW M. CURLEY, ESQ.
BRITT K. LATHAM, ESQ.
W. BRANTLEY PHILLIPS, JR., ESQ.
150 Third Avenue South, Suite 2800
Nashville, TN 37201

**BASS BERRY & SIMS PLC**
SHEPHERD D. TATE, ESQ.
MICHAEL A. BRADY, ESQ.
100 Peabody Place, Suite 900
Memphis, TN 38103-3672

            /s/Kevin C. Logue
            Kevin C. Logue