**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION**

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE and ERISA LITIGATION<br><br>This Document Relates to:<br><br>*In re Regions Morgan Keegan Open-End Mutual Fund Litigation,*<br>No. 2:07-cv-02784-SHM-dkv<br><br>and<br><br>*Landers v. Morgan Asset Management, Inc.*, No. 2:08-cv-02260-SMH-dvk | MDL Docket No. 2009<br><br>Judge Samuel H. Mays, Jr.<br><br>Magistrate Judge Diane K. Vescovo |

**PRICEWATERHOUSECOOPERS LLP'S SUR-REPLY IN SUPPORT OF ITS
RESPONSE TO JOINT MOTIONS REGARDING THE PROPOSED PARTIAL
SETTLEMENT AND REALIGNMENT OF DERIVATIVE CLAIMS
AND THE PARTIAL SETTLEMENT OF CLASS CLAIMS**

Joined by the settling defendants, the derivative plaintiffs maintain that this Court's prior

motion to dismiss ruling prohibits PwC from advancing its argument that plaintiffs' claims

against it expired long ago, before the New Board agreed to take up plaintiffs' complaint and

certainly now that the New Board seeks to direct the litigation.  They are wrong.  This Court has

not substantively opined on any of the statute of limitations arguments advanced by PwC, and it

is disingenuous for the settling parties to suggest otherwise.  It is critical that this Court take into

consideration that the *Landers* complaint, if adopted by the New Board, will fail and, thus, offer

no benefit to potential class members, for the following reasons:  (1) the statute of limitations has

expired on plaintiffs' claims, regardless of who hopes to litigate them from this point forward;

(2) because plaintiffs' shares were canceled, there are no claims to litigate; and (3) plaintiffs

never demonstrated demand futility and, thus, their complaint was defective when filed.

## ARGUMENT

**I.    The Statute of Limitations Has Expired on Plaintiffs' Claims Whether Litigated by the Derivative Plaintiffs or the New Board.**

The derivative plaintiffs' response to PwC's statute of limitations argument completely misses the mark.  As PwC has argued at length – and need not repeat here again – the one-year statute of limitations on the malpractice claim against PwC expired five months before plaintiffs initially brought their claim because *the Funds' knowledge*, though their directors, of the allegedly defective audit was imputed to them.  (*See, e.g.,* PwC's Response [Dkt. 107] at 3-5.) Regardless of who is to now be responsible for litigating these claims, they are time-barred.

Plaintiffs first fail to address the fact that their derivative claims against PwC were stale prior to the "realignment" of the parties in the proposed settlement at issue.  As PwC has made clear, plaintiffs have explicitly conceded that, as of PwC's August 21, 2006 audit opinion, the Funds' directors possessed knowledge of the same deficiencies allegedly not reported by PwC as of the date of its report.  (*See*, *e.g.*, FADC at ¶¶ 130-51, 168-70, 308, 311-26, 403; *see also* Consol. Opp. to Mot. to Dismiss FADC [Dkt. No. 77] at 10-12.)  Therefore, the statute began to run on August 21, 2006, when the Funds received from PwC an audit report that allegedly violated PwC's contractual and professional duties to the Funds, and when they thus experienced the "loss of a legal right, remedy or interest, or the imposition of a liability."  *John Kohl & Co. P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998).  There is no adverse domination doctrine in Tennessee that tolls the statute of limitations on these claims, which expired on August 21, 2007 – five months before plaintiffs filed their claims against PwC on behalf of the Funds in March 2008.  No amount of realignment will revive those time-barred claims.

Second, and necessarily, any claims brought by (or taken over by) the Funds themselves are also time-barred.  Indeed, the *Landers* complaint itself demonstrates that the Funds, through

2

its directors, were on notice of potential claims against PwC as early as the June 30, 2006 audit opinion.[1]   (FADC at ¶¶ 432, 455.)   Thus, by the derivative plaintiffs' own admission, the knowledge of these alleged activities was imputed to the Funds in August 2006.

In their reply, however, the derivative plaintiffs attempt to argue around these allegations by claiming that the adverse domination doctrine somehow also protects the New Board of the Funds, thus preventing the previous knowledge of PwC's alleged wrongdoing from being imputed to the New Board to save their belated claims.[2]   (Pls.' Consolidated Reply [Dkt. No. 128] at 58.)   Plaintiffs suggest that the "rule is different when the board is different than the one that presided over the company's mismanagement." *Id.*   But the derivative plaintiffs cite no case law to support this point.

---

[1]   Plaintiffs have not specifically alleged otherwise, and their silence is telling.  The Sixth Circuit has held that a plaintiff has an obligation to plead facts in avoidance of the statute of limitations where a complaint "affirmatively indicates that the time limit for bringing the claim has passed." *Bishop v. Lucent Techs., Inc.,* 520 F.3d 516 (6th Cir. 2008).

[2]  Plaintiffs appear to rely not on the adverse domination doctrine, which tolls the statute of limitations on a corporation's claims against its own officers and directors where the corporation would not be expected to pursue claims against its own interests, but rather on the adverse-interest exception, which provides an exception to the circumstances in which the knowledge of a corporation's officers and directors will be imputed to the corporation.  This latter doctrine holds that the actions or knowledge of rogue officers and directors may not be imputed to a corporation in certain situations, such as where the officers or directors act solely in their own interests, but all the authorities plaintiffs cite are factually distinguishable from and inapposite to the present case.  For example, the court in *Griffith Motors, Inc. v. Parker* refused to impute to the corporation the knowledge of an employee who was embezzling funds from the corporation – knowledge that clearly was against the employee's interests to share with his employer.  633 S.W.2d 319, 322-23 (Tenn. Ct. App. 1982).  In reality, courts have held that the exception is applied narrowly, and does not protect the corporation where the officer's wrongful acts afforded it some benefit, even if those wrongful acts ultimately led to the corporation's undoing.   *See, e.g., Baena v. KPMG LLP,* 453 F.3d 1, 7 (lst Cir. 2006); *In re Parmalat Secs. Litig.*, 659 F. Supp. 2d 504, 520-21 (S.D.N.Y. 2009); *Kirschner* v. *Grant Thornton LLP*, No. 07 Civ. 11604, 2009 WL 1286326, at *1 (S.D.N.Y. May 6, 2009).  Here, the reasoning of *Baena* applies because plaintiffs have alleged that any wrongful actions were undertaken to benefit the Funds, albeit at the expense of shareholders, and not solely to benefit the individuals involved. Indeed, under plaintiffs' formulation of the doctrine, the exception would swallow the rule, and the statute of limitations would never run where corporate wrongdoing is alleged.  *Cf. Kirschner*, 2009 WL 1286326, at *8-9 (assessing *in pari delicto* defense).

Directly contrary to plaintiffs' claims, a corporation does not cease to know what it already knew simply because new ownership takes power.  Courts routinely hold that even when a change of control occurs, knowledge imputed to a company at one time remains imputed to the company under new control.  *See In re Crown Vantage, Inc.*, No. 02-3836MMC, 2004 WL 1635543, at *5 (N.D. Cal. July 12, 2004) ("a corporation retains its imputed knowledge even after a change in ownership"); *Fireman's Fund Ins. Cos. v. Meenan Oil Co.,* 755 F. Supp. 547, 553 (E.D.N.Y. 1991) (a corporation's knowledge is not "erased" after purchase by new owners); *Alice Roofing & Sheet Metal Works, Inc.,* 775 S.W.2d 869, 870 (Tex. App. Ct. 1989) (holding that that "later-acquired knowledge by new and subsequent corporate shareholders and officers does not constitute new knowledge to the corporate entity").[3]  Thus, that the New Board is now in charge changes nothing with respect to when the knowledge of the allegedly faulty audit was acquired – in August 2006, well more than one year before the *Landers* complaint was filed.

## II.    There Is No Standing Because Plaintiffs Claim Their Shares Were Canceled.

The settling defendants contend that it is "the law of the case" that the Funds' shares were not canceled because the Court, in the Background section of its Order on the parties' motions to dismiss, cites a paragraph in the *Landers* complaint alleging as much.  (Order [Dkt. No. 92] at 8.)  The law of the case doctrine is not applicable here, however, where the Court has simply accepted as true plaintiffs' allegations at the pleading stage.

As the settling defendants' own case law makes clear, the law of the case doctrine states that "when a court decides upon *a rule of law*, that decision should continue to govern the same issues in subsequent stages in the same case." *Scott v. Churchill,* 377 F.3d 565, 569-70 (6th Cir.

---

[3]   *See also Federal Deposit Ins. Corp. v. Shrader & York,* 991 F.2d 216, 222 (5th Cir. 1993) (discussing *Alice Roofing* and acknowledging the holding reflects a "general rule of imputation"); *Campen v. Executive House Hotel, Inc.*, 434 N.E.2d 511, 517 (Ill. App. Ct. 1982); *Microbiological Research Co. v. Muna*, 625 P.2d 690, 695 (Utah Sup. Ct. 1981).

2004) (quoting *Arizona v. California,* 460 U.S. 605, 618 (1983)) (emphasis added). *See also Wike v. Vertrue, Inc.*, No. 3:06-00204, 2010 WL 3447756, at \*5 (M.D. Tenn. Aug. 30, 2010) ("'As most commonly defined, [the doctrine of the law of the case] posits that when a court ***decides upon a rule of law***, that decision should continue to govern the same issues in subsequent stages in the same case.'") (citations omitted) (emphasis added). Additionally, and with respect to facts presented at the motion to dismiss stage, the application of the doctrine depends on whether later-presented, relevant facts are different from those considered by the court in the motion to dismiss. *See McKenzie v. BellSouth Telecomm., Inc.,* 219 F.3d 508, 513 (6th Cir. 2000) (stating that court's prior "holding on a motion to dismiss does not establish the law of the case for purposes of summary judgment, when the complaint has been supplemented by discovery").[4]

PwC based its standing argument on the additional, different facts presented by the derivative plaintiffs themselves. Indeed, plaintiffs explicitly allege that after they filed their initial complaint, but before the amended complaint was filed, plaintiffs' shares in the Funds were sold. (FADC at ¶ 11.) The declaration filed by Vernon J. Vander Weide demonstrates that, based on the facts before this Court, standing was, in fact, lost when the New Board liquidated the funds in such a way as to cancel the shares of the Funds. (*See* Vander Weide Decl. [Dkt. No. 103-2] at ¶¶ 16-17, 24.) As plaintiffs themselves feared, such a cancelation deprives the *Landers* plaintiffs of standing to sue. *See, e.g., Lewis v. Anderson*, 477 A.2d 1040, 1049 (Del. 1983) (plaintiffs who have lost their shares also lose standing to continue a derivative suit). By their

---

[4]   *See also Corliss v. Varner,* 247 Fed. Appx. 353, 354 (3d Cir. 2007); *McAnaney v. Astoria Financial Corp.,* 665 F. Supp. 2d 132, 142-43 (E.D.N.Y. 2009) (citing *Nobel Ins. Co. v. City of New York,* No. 00-CIV 1328 (KMK), 2006 WL 2848121, at \*4 (S.D.N.Y. Sept. 29, 2006)) ("[A]s a ruling in favor of a plaintiff on a motion to dismiss does not address the merits of a case, such ruling will not preclude a subsequent ruling in favor of a defendant on the same issue on a motion for summary judgment following discovery ... The law of the case doctrine ... does not preclude this Court from reconsidering issues on summary judgment that have initially been raised in the context of a motion to dismiss.")).

own admission, the derivative plaintiffs lost standing when the Funds were liquidated, and the case should have been dismissed at that time. Thus, because there are no remaining derivative claims for the New Board to assume and prosecute, the new suit by the New Board years after the purported causes of action arose is barred by Tennessee's one-year statute of limitations.

### III.    Demand Was Never Excused on the *Landers* Complaint.

Plaintiffs do not argue that they satisfied demand futility with respect to the board of directors in place at the time they filed their action. They simply contend that this Court already decided the issue. (Pls.' Consolidated Reply [Dkt. No. 128] at 58.)  But this Court never decided whether demand would have been futile with respect to the Old Board. Rather, the Court determined that the issue of demand futility was moot in light of derivative plaintiffs' after-the-fact demand on the New Board. (Order [Dkt. No. 92] at 17 ("Because Plaintiffs have made demand on the New Board, their demand futility arguments are [moot]."); *see also id.* at 14 ("When plaintiffs simultaneously argue that they have made demand on the board and that demand is excused, the plaintiffs' arguments that demand would be futile are mooted.").)

This distinction is significant. Because plaintiffs admit that they did not make a demand on the Funds' board of directors prior to the commencement of their action against PwC in 2008 (FADC at ¶ 562), plaintiffs were required to plead, in a very particular manner, that demand on the board of directors in office at the time the suit was filed would have been futile and is therefore excused. *See Mona v. Mona Elec. Group, Inc.,* 934 A.2d 450, 465-66 (Md. Ct. Spec. App. 2007). As argued at length in prior briefing, demand on the Old Board was not excused. (*See, e.g.,* PwC's Response [Dkt. 107] at 8-11.)  As a result, the plaintiffs' complaint was defective at the time of its filing, leaving no claims for the New Board to assume. As noted

above, any new complaint filed by the New Board would clearly be barred by Tennessee's one-year statute of limitations on claims against accountants.

## CONCLUSION

PwC reiterates that its motion to dismiss based on the expiration of the statute of limitations is strong.  If this Court overrules the objections made by the MK Defendants – in which PwC joins – and permits the settlement to proceed, there are no remaining claims by the Funds against PwC that have any value and, thus, their claims offer no potential benefit to members of the Open-End Funds class.

Dated:  August 1, 2011                                        Respectfully submitted,

                                                              s/ Timothy A. Duffy, P.C.
                                                              Emily Nicklin, P.C.
                                                              Timothy A. Duffy, P.C.
                                                              Kristopher Ritter
                                                              KIRKLAND & ELLIS LLP
                                                              300 North LaSalle
                                                              Chicago, Illinois 60654
                                                              Telephone:  (312) 862-2000
                                                              Facsimile:   (312) 862-2200

                                                              Leo M. Bearman, Jr. (#8363)
                                                              Eugene J. Podesta, Jr. (#9831)
                                                              BAKER DONELSON BEARMAN
                                                              CALDWELL & BERKOWITZ, PC
                                                              165 Madison Avenue, 19th Floor
                                                              Memphis, Tennessee 38103
                                                              (901) 526-2000 (ph)
                                                              (901) 577-2303 (fx)
                                                              lbearman@bakerdonelson.com
                                                              gpodesta@bakerdonelson.com

                                                              *Counsel for Defendant*
                                                              *PricewaterhouseCoopers LLP*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 1, 2011, I electronically filed the foregoing paper with the

Clerk of the Court using the ECF system which will send notification of such filing to the

following:

- **Carolyn Glass Anderson**
  cga@zimmreed.com, kmc@zimmreed.com
- **Nicole A. Baker**
  nicole.baker@klgates.com
- **Timothy J. Becker**
  tjb@zimmreed.com
- **Patricia Bloodgood**
  patricia.bloodgood@zimmreed.com
- **Michael A. Brady**
  mbrady@bassberry.com
- **Jerome A. Broadhurst**
  jbroadhurst@appersoncrump.com
- **Matthew M. Curley**
  mcurley@bassberry.com
- **Michael L. Dagley**
  mdagley@bassberry.com
- **Gregg M. Fishbein**
  gmfishbein@locklaw.com
- **Peter S. Fruin**
  pfruin@maynardcooper.com
- **Kirsten Hedberg**
  kdh@zimmreed.com
- **Kevin C. Logue**
  kevinlogue@paulhastings.com
- **Jeffrey B. Maletta**
  jeffrey.maletta@klgates.com
- **W. Brantley Phillips**
  bphillips@bassberry.com
- **Steven Lawrence Polk**
  larry.polk@sutherland.com
- **Charles D. Reaves**
  creaves@appersoncrumb.com
- **Thomas V. Seifert**
  tseifert@hsvwlaw.com
- **David E. Swarts**
  swartsd@sullcrom.com

- **Shepherd D. Tate**
  state@bassberry.com
- **David B. Tulchin**
  tulchind@sullcrom.com
- **Vernon J. Vander Weide**
  vvanderweide@hsvwlaw.com

and I hereby certify that I have mailed by United States Postal Service the paper to the following

non-ECF participants:

**Richard A. Lockridge**
LOCKRIDGE GRINDAL NAUEN, PLLP
100 Washington Ave., South
Ste. 2200
Minneapolis, MN 55401

**Dewun R. Settle**
CHANCERY COURT CLERK AND MASTER
140 Adams Avenue
Ste. 308
Memphis, TN 38103

s/ Timothy A. Duffy, P.C.
Timothy A. Duffy, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:  (312) 862-2000
Facsimile:   (312) 862-2200
tim.duffy@kirkland.com

9